815 P.2d 628

Arsenia ROMERO, as Administrator and Personal Representative of the Estate of Andrea Lucero, Deceased, and Ubaldo Esquibel, as Administrator and Personal Representative of the Estate of Toby Esquibel, Deceased, Petitioners,

v.

STATE of New Mexico, New Mexico State Highway Department, Board of Commissioners for the County of Rio Arriba and Rio Arriba Road Department, Respondents.

Helen MONTANO and Walter R. Gould, Petitioners,

v.

STATE HIGHWAY AND TRANSPORTATION DEPARTMENT, Respondent,

and

Rio Arriba County, Board of Commissioners of Rio Arriba County, Emilio Naranjo and Edward Duda, Defendants.

Nos. 19841, 19926.

Supreme Court of New Mexico.

Aug. 12, 1991.

William H. Carpenter, David J. Stout, Albuquerque, Montoya, Murphy, Kaufmann & Garcia, David P. Garcia, Santa Fe, for petitioner Romero.

David A. Graham, Taos, for intervenor-petitioner Esquibel.

Montgomery & Andrews, Bruce Herr, Santa Fe, for respondents State of N.M., N.M. State Hwy. Dept. et al.

Elliot L. Weinreb, Douglas Booth, James E. Thompson, Santa Fe, for petitioners Helen Montano and Walter R. Gould.

Felker & Ish, James P. Sullivan, Santa Fe, for respondent State Highway and Transp. Dept.

Klecan, Childress & Huling, Ronald J. Childress, Albuquerque, Vidal & Noble, James V. Noble, Jr., Santa Fe, for defendants Rio Arriba County, Bd. of Com'rs et al.

## OPINION

SOSA, Chief Justice.

We granted the petition for writ of certiorari in each of these cases and consolidated them. Because our decision in *Romero* will control and dictate our decision in *Montano*, we discuss *Romero* first. We reverse the court of appeals' *Romero* decision in part and affirm in part. The verdict of the jury and the judgment of the trial court are fully reinstated. As the court of appeals' opinion has been published, *Romero v. State*, 112 N.M. 291, 814 P.2d 1019 (Ct.App.1991), we need not discuss again the arguments underlying the issues raised. We affirm the court of appeals' decision to the extent that it ruled the trial court did not commit error in instructing the jury on sudden emergency. We reverse the decision of the court of appeals to the extent that it accepted respondents' contentions on their first, third, and fourth allegations of error.

■ First, on the trial court's exclusion of evidence concerning the passengers' intoxication, we cannot say that the trial court abused its discretion in excluding this evidence. *See Sanchez v. Molycorp, Inc.*, 103 N.M. 148, 152, 703 P.2d 925, 929 (Ct. App.1985) (trial court's ruling on the admission of expert testimony will not be reversed unless there has been an abuse of discretion); *Jaramillo v. Fisher Controls Co.*, 102 N.M. 614, 622–23, 698 P.2d 887, 895–96 (Ct.App.) (to constitute abuse of discretion, trial court's ruling must be clearly against logic and effect of circumstances before the court), *cert. denied*, 102 N.M. 613, 698 P.2d 886 (1985). Here there already was evidence before the jury to the effect that the car was overcrowded. While the jury *might* have been served in evaluating this evidence by considering the effect of the passengers' intoxication on the passengers' decision to ride in an overcrowded vehicle, we cannot say, as the court of appeals did, that the jury *should* have considered this effect. That decision was the trial court's to make considering all the surrounding circumstances. We cannot say that the trial court abused its discretion in finding that the evidence was speculative.

■ Second, on the court's allowing expert testimony concerning allegedly dangerous road conditions, we agree with petitioners that the court of appeals too narrowly has construed the limitation to waiver set forth in NMSA 1978, Section 41-4-11(B) (waiver of immunity does not extend to defect in plan or design) (Repl.Pamp. 1989). The court of appeals states: "The issue is whether the roadway is as it was planned or designed." *Romero*, 112 N.M. at 297, 814 P.2d at 1025. Yet, how could the jury have known this if it did not know what the plan or design was? We disagree with the court of appeals that the absence of a plan or design is not crucial.

**334**

It seems to us that to say that the evidence concerned a plan or design and, therefore, involved a limitation on waiver is to beg the question. The threshold inquiry should have been, by establishing predicates to the desired result, did plaintiff's evidence concern a plan or design? In our minds, the absence of a plan or design makes it nearly impossible to establish the necessary predicates of the desired result. In other words, how can one possibly say that the evidence involved a plan or design if one does not first know what the plan or design was? The reasoning of the court of appeals that various features of the roadway constitute "design" elements, undertaken without the benefit of evidence of design, simply is speculative.

A twofold inquiry is called for: (1) What was the plan or design of the roadway; and (2) did the evidence concern itself solely with that plan or design? With this twofold inquiry in mind, we cannot say that the trial court abused its discretion in admitting the evidence. The court of appeals concedes that if petitioners could have established that if a shoulder had deteriorated over the years for lack of proper maintenance, then they could have prevailed on their claim that the accident site was dangerous. Thus, a factor like the width of the shoulder is not probative solely of (or relevant to) design. It could also be probative of (or relevant to) negligent maintenance of the roadway.

■ Unless evidence is specifically admitted for a limited purpose, it may be considered by the jury for all purposes. That petitioners' evidence tended to establish negligent maintenance, especially absent any evidence of design, made that evidence admissible. The question is not only a proper application of *Miller v. New Mexico Dep't of Transp.*, 106 N.M. 253, 255, 741 P.2d 1374, 1376 (1987), but also whether the evidence was relevant to an issue of the case—allegedly negligent maintenance of the roadway. To conclude, as the court of appeals did, that defects in banking, width of the shoulder, and sharpness of the curve necessarily involved an excluded subject—*i.e.*, design defects—is to impose an unduly restrictive interpretation both on admissibility of relevant evidence and on the term "maintenance." The trial court was in the best position to determine if, in the overall context of the case, evidence on such matters was relevant to the question of negligent maintenance.

■ Third, and finally, we agree with the court of appeals that the New Mexico State Highway Department had a supervisory responsibility with respect to maintenance of the county roadway, but we disagree with the conclusion of the court of appeals on the extent of that responsibility. Perhaps if this case were being decided under the present NMSA 1978, Section 67–3–14 (Cum.Supp.1990), wherein it is stated, in language added by a 1989 amendment that, "The [state highway] commission shall have no duty to maintain or supervise the maintenance of roads which are not designated state highways * * *,"[1] we would agree with the court of appeals.

But this case must be decided on an interpretation of the law in effect at the time of the accident, the prior Section 67–3–14 (Cum.Supp.1986), which contained the following language: "The commission shall have charge of all matters pertaining to the expenditure of the state road fund in the construction, improvement and maintenance of public roads and bridges in the state and shall do all things necessary and expedient in the exercise of such supervision."

We agree with petitioners that the greater supervisory responsibilities contemplated by the 1986 law included more than issuing regulations. Those responsibilities could have included supervising the county's actual day-to-day maintenance of the roadway. Apparently the trial court, in allowing the issue of the department's liability to go to the jury, construed the department's responsibilities in this broader sense. We cannot say either that the trial

---

**1.** The state highway department exercises all power granted the commission under chapter

67. NMSA 1978, § 67–3–6 (Cum.Supp.1990).

court abused its discretion or made an error of law in so allowing the jury to consider the department's liability. Thus, the jury was entitled to consider evidence that the department breached its statutory duty of supervising the county in maintaining the roadway.[2]

Accordingly, the opinion of the court of appeals is reversed in part and affirmed in part, and the verdict and judgment below are reinstated in their entirety. It necessarily follows that the court of appeals' summary affirmance in *Montano* is reversed. The court of appeals is directed to hear the appeal in *Montano* and to permit oral argument. We express no opinion on that appeal, other than to require that, insofar as our decision herein with respect to the *Romero* case is applicable to the appeal in the *Montano* case, the court of appeals will adhere to our *Romero* decision.

IT IS SO ORDERED.

RANSOM and BACA, JJ., concur.

---

2. Though not discussed in the briefs, it seems to us that the state should have the burden of adducing evidence on the "design" exception to statutory waiver of sovereign immunity. While the plaintiff must establish a waiver of immunity by proving "maintenance" as a proximate cause of the damages, section 41–4–11(A), subsection (B) of the waiver section constitutes an exception to the maintenance waiver and the burden of proof should fall on the state when asserting the applicability of the "design" exception.