This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39294**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**VINCENT JIMENEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Lucia Moran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals from his conviction for driving while intoxicated (3rd offense). [DS PDF 2, MIO 2] This Court issued a calendar notice proposing to affirm Defendant's conviction. Defendant has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his conviction [DS PDF 3, MIO 4], which we proposed to affirm in this Court's calendar notice. In response, Defendant continues to assert that there was insufficient evidence to support his conviction. Defendant specifically argues that the State could not prove

that he drove the vehicle because the circumstantial evidence the jury relied on to convict him, "that he was found alone in the crashed vehicle, gave conflicting statements about a potential driver, was intoxicated, and that officers found one of his shoes stuck to the brake pedal[,]" was insufficient proof that he was driving beyond a reasonable doubt. [MIO 6] Defendant further contends that the jury would have had to impermissibly speculate to determine that Defendant was the driver since Defendant "was found sitting on the passenger side of the vehicle, he was seriously injured and unable to exit the vehicle of his own accord, airbags on both the driver and passenger side were deployed, and he never admitted to driving the vehicle." [MIO 6-7] *See State v. Vigil*, 1975-NMSC-013, ¶ 12, 87 N.M. 345 (stating that a reviewing court cannot allow a conviction to stand when "the evidence must be buttressed by surmise and conjecture, rather than logical inference in order to support a conviction" (internal quotation marks and citation omitted)).

**{3}**     The question for us on appeal is whether the trial court's "decision is supported by substantial evidence, not whether the [trial] court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318; *see State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence."). As explained in the notice of proposed disposition, substantial circumstantial evidence can support a guilty verdict. *See State v. Sena*, 2008-NMSC-053, ¶ 10, 144 N.M. 821, 192 P.3d 1198. Defendant has not convinced us that there is a lack of sufficient evidence here to support his conviction given the substantial circumstantial evidence that supports a guilty verdict. [CN 5]

**{4}**     Furthermore, we are not convinced, given the evidence presented at trial, that the jury was required to impermissibly speculate to determine that Defendant was the driver. While "the line between speculation and reasonable inference is not always clear," *Romero v. State*, 1991-NMCA-042, ¶ 38, 112 N.M. 291, 814 P.2d 1019, *aff'd in part, rev'd in part*, 1991-NMSC-071, 112 N.M. 332, 815 P.2d 628, "this Court has made clear that an inference must be linked to a fact in evidence," *State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930. "A reasonable inference is a conclusion arrived at by a process of reasoning[,] which is a rational and logical deduction from facts admitted or established by the evidence." *Id.* (alterations, internal quotation marks, and citation omitted); *Bowman v. Inc. Cty. of Los Alamos*, 1985-NMCA-040, ¶ 9, 102 N.M. 660, 699 P.2d 133 ("An inference is more than a supposition or conjecture. It is a logical deduction from facts which are proven, and guess work is not a substitute therefor." (internal quotation marks and citation omitted)). The factual determination that Defendant drove the vehicle is a rational and logical deduction from the facts proven at trial, including that Defendant was alone at the scene of the accident, his shoe was stuck to the brake pedal of the vehicle, and he gave the police conflicting statements about who was driving the car after the crash. [MIO 6] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 820 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts.").

**{5}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm Defendant's conviction.

**{6}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**