**Certiorari Denied, July 13, 2010, No. 32,441**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-078**

**Filing Date: June 21, 2010**

**Docket No. 27,192**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**PABLO DELGADO,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Silvia Cano-Garcia, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**WECHSLER, Judge.**

**{1}**      Defendant appeals his convictions for possession of cocaine and tampering with evidence.  On May 14, 2009, we issued an opinion affirming the convictions, *State v. Delgado*, 2009-NMCA-061, 146 N.M. 402, 210 P.3d 828.   The Supreme Court granted a writ of certiorari, *State v. Delgado*, 2009-NMCERT-006, 146 N.M. 734, 215 P.3d 43, and

1

subsequently remanded this case to this Court after deciding issues related to the evidentiary issues in *State v. Aragon*, 2010-NMSC-008, ¶¶ 9, 32-33, 147 N.M. 474, 225 P.3d 1280. In that case, our Supreme Court held that (1) a forensic chemist's report required the testimony of the forensic chemist who prepared it to be admissible in evidence and (2) testimony concerning the report by another forensic chemist, when the testifying forensic chemist did not testify about his own opinions, violated the defendant's right of confrontation.

**{2}**    On remand, we decided this case on our summary calendar in a memorandum opinion. Defendant has moved the Court, without objection from the State, to publish the opinion in light of this Court's May 14, 2009 published opinion. We grant the motion, withdraw the memorandum opinion issued May 12, 2010, and substitute this opinion in its stead. The facts of this case are fully set forth in the May 14, 2009 opinion.

**{3}**    After remand, we proposed in a summary calendar notice to reverse and remand to the district court for a new trial on the charges because of improperly admitted forensic evidence. We addressed sufficiency of the evidence as it would grant Defendant greater relief, but proposed to conclude that the evidence was sufficient. Both Defendant and the State timely responded to our proposal. Having considered the arguments, we reverse and remand for a new trial.

**{4}**    In our notice, in response to Defendant's contention that the district court erred in admitting a forensic laboratory report prepared by Eric Young through the testimony of Danielle Elenbaas, a forensic chemist who did not conduct the tests underlying the report, we proposed to conclude that the report could not be admitted into evidence without Mr. Young's testimony to support it. *See Aragon*, 2010-NMSC-008, ¶ 19. We proposed to conclude that the testimony of Ms. Elenbaas about that report was likewise inadmissible. *See id.* ¶¶ 32-33. The State argues that the testimony of Ms. Elenbaas was sufficient to conclude that she reached an independent conclusion based on her own review of the data and results. We disagree. Ms. Elenbaas's testimony was similar to Mr. Young's testimony in *Aragon*: an explanation regarding how the test was performed and approval of the testing chemist's results. We find nothing in Ms. Elenbaas's testimony indicating that she relied on her own analysis to arrive at her own conclusion. Rather, she was simply explaining her approval of Mr. Young's conclusion. It is not clear that she was stating her own opinion based on the underlying data and Mr. Young's notes, but rather relaying Mr. Young's opinion and stating her approval of it. We conclude that Ms. Elenbaas's testimony regarding Mr. Young's opinion that what he tested was cocaine was improperly admitted.

**{5}**    The State argues that, even if the report and testimony were improperly admitted, it was harmless error. The State argues that the error was harmless because there was other admissible evidence that the substance was cocaine. This evidence consisted of the testimony of a police detective who performed a field test on the substance. This Court has previously held that the State must prove the scientific reliability of a drug field test in order for it to be admissible. *State v. Morales*, 2002-NMCA-052, ¶ 23, 132 N.M. 146, 45 P.3d 406. It does not appear that there was such proof in this case. Thus, we cannot rely on a

2

field test of the substance to conclude that there was a disproportionate volume of permissible evidence to support a finding that the substance was cocaine. We conclude that the erroneous admission of the forensic report and testimony was not harmless.

**{6}** In our notice, we proposed to conclude that the evidence was sufficient to support the conviction. *See State v. Santillanes*, 109 N.M. 781, 782, 790 P.2d 1062, 1063 (Ct. App. 1990) (noting that this Court addresses substantial evidence issues because finding that the evidence was insufficient to support the conviction would afford a defendant greater relief). Defendant's response points us to evidence that is simply conflicting. It is for the jury to resolve the conflicts in the evidence. *State v. Lucero*, 2010-NMSC-011, ¶¶ 8, 18, 147 N.M. 747, 228 P.3d 1167. Further, our review is for sufficient evidence to support the conviction, not for whether the factfinder could have reached a different result. *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. We conclude that the evidence presented at the trial was sufficient for a reasonable jury to conclude that Defendant possessed cocaine and that he discarded it intending to prevent his prosecution for such possession. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating the standard of review for sufficiency of the evidence). Thus, Defendant is not entitled to dismissal of the charges, but rather remand for a new trial.

**{7}** For the reasons stated herein and in the third notice of proposed disposition, we reverse the convictions and remand for a new trial.

**{8}** **IT IS SO ORDERED.**

                             _____

                             **JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for *State v. Delgado*, Docket No. 27,192**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-RM | Remand |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-CL | Controlled Substances |
| | |
| **CT** | **CONSTITUTIONAL LAW** |

CT-RF            Right to Confrontation

**EV**            **EVIDENCE**
EV-AT            Authentication of Evidence
EV-AV            Availability of Witness
EV-SC            Scientific Evidence & *Daubert* Standard
EV-SS            Substantial or Sufficient Evidence