This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

**v.**                                        **No. 33,655**

**KARENBIR KALOURIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant has appealed from a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold the

conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}    Because the pertinent background information and applicable principles were previously set out at some length in the notice of proposed summary disposition, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3}    Defendant has raised a single issue, challenging the sufficiency of the evidence to support his conviction. In his memorandum in opposition, Defendant specifically and exclusively focuses on the lack of evidence to establish that he possessed the requisite intent to drive. [MIO 11-15] *See generally State v. Sims*, 2010-NMSC-027, ¶¶ 4, 27, 148 N.M. 330, 236 P.3d 642 (holding that where the prosecution is premised on prospective or anticipated impaired driving, such that the actual-physical-control standard is applicable, the State must prove that the defendant was actually exercising control over the vehicle, and had the general intent to drive).

{4}    As an initial matter, Defendant suggests that the issue should be reviewed de novo, in reliance upon *Sims*. [MIO 12] We disagree.  De novo review was only called for in *Sims* insofar as questions of statutory interpretation and the application of legal precedent were presented.  *See generally State v. Tafoya*, 2012-NMSC-030, ¶ 11, 285 P.3d 604 ("Questions of statutory interpretation are reviewed de novo[.]"); *State v.*

*Ochoa*, 2008-NMSC-023, ¶ 10, 143 N.M. 749, 182 P.3d 130 ("The application and interpretation of law is subject to a de novo review."). Such questions are not presented on appeal in the instant case.

{5}    In order to determine whether Defendant possessed the requisite intent, the fact finder was required to assess "the totality of the circumstances," *Sims*, 2010-NMSC-027, ¶¶ 4, 34, 38. The *Sims* Court endorsed a non-exclusive list of relevant considerations. *Id.* ¶ 33. Relative to a number of these factors, the State presented evidence that the key was in the ignition in either the 'accessory" or the "on" position; Defendant was clearly awake, and positioned in the driver's seat with his hands on the steering wheel with his seatbelt buckled; and the vehicle was oriented perpendicular to the parking spaces. [MIO 2] This evidence, when viewed in the light most favorable to the verdict, supports a reasonable inference of intent to drive. *See generally State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("Evidence is viewed in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." (internal quotation marks and citation omitted)); *State v. Herrera,* 2014-NMCA-007, ¶ 31, 315 P.3d 343 ("A person's intent may be established based upon circumstantial evidence."). Insofar as the State presented circumstantial evidence supporting an inference of intent to drive, a rational fact finder could have found the essential elements of the crime

beyond a reasonable doubt. *See generally State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating the standard of review for sufficiency of the evidence).

{6} In his memorandum in opposition Defendant contends that the foregoing evidence should be deemed insufficient to establish intent to drive because different inferences could have been drawn, and in light of conflicting evidence that he did not intend to drive the vehicle. [MIO 13-15] "However, as a reviewing court, we do not reweigh the evidence or attempt to draw alternative inferences from the evidence." *State v. Estrada*, 2001-NMCA-034, ¶ 41, 130 N.M. 358, 24 P.3d 793; *see State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 (observing that "the evidence is not to be reviewed with a divide-and-conquer mentality . . . [ and w]e do not reweigh the evidence or substitute our judgment for that of the jury"). Moreover, the fact finder was free to reject Defendant's theory. *See State v. Stefani*, 2006-NMCA-073, ¶ 39, 139 N.M. 719, 137 P.3d 659 (noting that the finder of fact is free to reject the defendant's theory of the case). Ultimately, "our review is for sufficient evidence to support the conviction, not for whether the fact[]finder could have reached a different result." *State v. Delgado*, 2010-NMCA-078, ¶ 6, 148 N.M. 870, 242 P.3d 437. We therefore reject Defendant's argument.

{7}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{8}     **IT IS SO ORDERED.**

_____
                              **CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**