This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  **Plaintiff-Appellee,**

v.               **NO. A-1-CA-37547**

**MARTIN VENTURA-MENDOZA,**

  **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}  Defendant Martin Ventura-Mendoza, appeals his conviction for driving while

under the influence of an intoxicating liquor (DWI). We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We have considered Defendant's arguments and remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

{2}     We have already outlined the procedural and factual background in our notice of proposed summary disposition, and Defendant indicates in his memorandum in opposition that he does not take issue with the district court's recitation of the facts or this Court's reliance on the district court's recitation. Therefore, in order to avoid unnecessary repetition, we will focus instead on the contents of Defendant's memorandum in opposition, discussing only such facts as are relevant to his arguments.

{3}     In our notice of proposed summary disposition, this Court proposed to adopt the district court's memorandum opinion and its analysis regarding the sufficiency of the evidence. In his memorandum in opposition, Defendant argues that the district court's attempt to distinguish this case from *State v. Cotton*, 2011-NMCA-096, 150 N.M. 583, 263 P.3d 925, is misplaced and that *Cotton* is directly on point. [MIO 2] We disagree. In *Cotton*, police encountered the defendant in the driver's seat of a van parked on a roadside. The defendant admitted that he had consumed a beer recently, and was placed under arrest after failing FSTs and refusing to submit to chemical

testing. On appeal, this Court held that the evidence was insufficient to convict the defendant of DWI because there was no evidence as to the time of driving, so there was no evidence to show that the driving and impairment overlapped. Accordingly, we held that, although it would have been reasonable for the jury to conclude that the defendant drove to the place where he was arrested, there was insufficient evidence to allow the jury to conclude that the defendant had been impaired by alcohol at the time. *Id.* ¶¶ 14-15.

{4}    Here, in contrast, Defendant admitted to drinking alcohol before he drove to the location where he was found by Deputy Carhart. When Deputy Carhart encountered Defendant, he found Defendant asleep in the vehicle with what appeared to be vomit on his shirt. Defendant had bloodshot watery eyes, an odor of alcohol, and he refused to submit to field sobriety tests (FSTs). Additionally, a breath card was introduced into evidence that showed Defendant had a blood alcohol content of 0.27. [RP 84-90] We are of the opinion that this evidence was sufficient to permit the jury to infer that Defendant was impaired to the slightest degree when he drove the vehicle. *See State v. Mailman*, 2010-NMSC-036, ¶¶ 2-5,  24, 148 N.M. 702, 242 P.3d 269 (observing that there was sufficient circumstantial evidence to support a conviction for past driving while impaired to the slightest degree based on the defendant's presence behind the wheel of a parked vehicle, admissions to having driven and having

consumed alcohol, refusal either to perform field sobriety tests or to provide a breath sample, the presence of an open can of beer in the vehicle, and a variety of indicia of intoxication including odor of alcohol, disorientation and confusion, difficulty maintaining balance, and bloodshot, watery eyes).

{5}     We understand Defendant to argue that, despite evidence that Defendant drank alcohol before he drove, the evidence was insufficient to show that Defendant was impaired by alcohol at that time. However, the evidence described above, including Defendant's admission to drinking beer and tequila, coupled with his BAC level and the evidence that Defendant did not drink any alcohol after he arrived at the location because Deputy Carhart saw no evidence of alcohol containers in the vehicle or the immediate area, a jury could infer that Defendant was impaired to the slightest degree when he drove the vehicle. *See id.* ¶¶ 24-28 (recognizing that the fact-finder may infer that the accused drove while intoxicated based on circumstantial evidence that includes "the accused's own admissions, the location of the vehicle next to the highway, or any other similar evidence that tends to prove that the accused drove while intoxicated").

{6}     Finally, Defendant argues that disbelief about his claim that he only drank one beer before driving cannot substitute for affirmative proof. [MIO 2-3] The evidence described above, however, constitutes sufficient affirmative proof which is not

4

dependent on belief or disbelief of Defendant's claim that he drank only one beer before driving. Additionally, the fact-finder was not required to accept Defendant's story as to when he consumed the alcohol he admitted to drinking in the face of the contradictory evidence showing that he did not drink the alcohol after he drove the car. *See State v. Delgado*, 2010-NMCA-078, ¶ 6, 148 N.M. 870, 242 P.3d 437 ("It is for the jury to resolve the conflicts in the evidence."); *see also State v. Stefani*, 2006-NMCA-073, ¶ 39, 139 N.M. 719, 137 P.3d 659 (noting that the jury is free to reject the defendant's theory of the case).

**CONCLUSION**

{7}     For these reasons, we affirm Defendant's conviction.

{8}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**JENNIFER L. ATTREP, Judge**