This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38722**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant/Cross-Appellee,

v.

**FELIX URBAN,**

Defendant-Appellee/Cross-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren Joseph Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**     The State appeals Defendant Felix Urban's amended judgment and sentence for his conviction of one count of criminal sexual contact of a minor (CSCM) in the second degree (child under thirteen years of age) (NMSA 1978, § 30-9-13(B)(1) (2003)), arguing the district court lacked jurisdiction to amend the sentence. Defendant cross-appeals, arguing his conviction is not supported by sufficient evidence. We affirm.

## BACKGROUND

**{2}**     Defendant was tried on three counts of criminal sexual penetration of a minor (NMSA 1978, § 30-9-11(D)(1) (2009)) and three counts of CSCM for acts Defendant was alleged to have committed against B.G., the granddaughter of his girlfriend. The jury convicted Defendant of one count of CSCM in the second degree, but was hung on the remaining counts. Although the district court declared a mistrial on those counts, permitting the State to retry Defendant on those charges, the court proceeded to sentencing on the CSCM conviction prior to any retrial.

**{3}**     At the August 30, 2019, sentencing hearing, the district court judge discussed facts she believed pertinent to Defendant's case, including that Defendant's actions negatively impacted B.G.'s brother. Defense counsel then informed the judge that she was confusing this case with another. After having the facts of this case clarified, the judge sentenced Defendant to fifteen years of imprisonment, citing "the circumstances in this case and . . . the damage that [Defendant] has caused to . . . both children." *See* § 30-9-13(B) (providing that "[w]hoever commits criminal sexual contact of a minor in the second degree is guilty of a second degree felony for a sexual offense against a child"); NMSA 1978, § 31-18-15(A)(5) (2007, amended 2022) (providing that the basic sentence for a second degree felony for a sexual offense against a child is fifteen years of imprisonment). The judge, recognizing that Defendant was unable to allocute or present other mitigating evidence given the pending retrial, ruled that she would "let the defense, if they want to, file a motion to reconsider even if it's outside the time limits." The State did not object to the extension, but indicated its intent to dismiss Defendant's remaining charges without prejudice, in light of the district court's fifteen-year sentence. The court offered to contemporaneously set a resentencing hearing, but defense counsel declined, preferring to consider the issue further and then file a written motion. A written judgment and sentence was entered on September 3, 2019. The State filed a nolle prosequi as to the remaining charges on September 5, 2019.

**{4}**     Defendant then filed a motion to reduce his sentence, pursuant to Rule 5-801 NMRA, on December 5, 2019—ninety-seven days after oral pronouncement of the sentence and ninety-three days after entry of the written judgment. Recognizing that the motion was filed outside the ninety-day time limit provided for in Rule 5-801(A), Defendant asked the district court to consider the merits of his motion because, he asserted, the late filing was "due entirely to counsel's error and misunderstanding and [was] not due to anything that [Defendant] did to delay the filing in any way." As for the merits, Defendant relied on the district court judge's conflation of his case with another and on the judge's statement, made even after having been corrected by the parties, that Defendant's actions damaged "both children." According to Defendant, no evidence at trial established that B.G.'s brother "witnessed any inappropriate behavior by [Defendant]." In response, the State argued that B.G.'s brother was indeed harmed by Defendant's actions and that, at any rate, the district court lacked jurisdiction to entertain the motion because it was filed past the ninety-day limit in Rule 5-801(A).

**{5}**     The district court held a hearing on Defendant's motion. At the beginning of the hearing, defense counsel told the district court that the late filing was "entirely [her] fault" and asked the court to reach the merits. Without seeking additional information or

asking for the State's response, the district court judge interjected, "I am going to." After hearing both parties' arguments on the merits, the judge acknowledged that she "clearly confused the two cases." She said she would enter a ruling after she reviewed the record and her notes, to ensure the sentence was "what [she] intended it to be." Later that day, the district court entered an order granting Defendant's motion and reducing Defendant's sentence to an effective term of ten years of imprisonment. In relevant part, the district court judge stated in the order that she was "concerned that the [original] sentence . . . was unduly harsh given the [c]ourt [was] applying the wrong facts to the sentencing decision." An amended judgment and sentence reflecting the court's decision was entered two days later.

## DISCUSSION

**{6}**     On appeal, the State argues that the district court lacked jurisdiction to consider Defendant's motion because it was filed past the Rule 5-801 time limit. Defendant cross-appeals and argues that insufficient evidence was presented at trial to sustain his conviction for CSCM. For the reasons that follow, we reject both parties' arguments.

## I.     The District Court Had Jurisdiction to Consider Defendant's Motion

**{7}**     Rule 5-801(A) provides, in relevant part, "A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed." Relying on cases holding that Rule 5-801's time limit is jurisdictional, the State asserts the district court lacked jurisdiction to entertain Defendant's motion to reduce his sentence because it was filed more than ninety days after that sentence was imposed. *See, e.g.*, *State v. Lucero*, 2001-NMSC-024, ¶ 7, 130 N.M. 676, 30 P.3d 365 (providing that the "time requirement for the filing of a motion to modify a sentence is jurisdictional"); *State v. Torres*, 2012-NMCA-026, ¶ 32, 272 P.3d 689 (holding that the time limit in (what is now) Rule 5-801(A) is not "meant as mere guidance" even though "such a construction would resolve the unfairness to defendants of the binding construction").

**{8}**     In response, Defendant argues that the cases on which the State relies are inapposite because, unlike in those cases, the district court in this case explicitly ruled at Defendant's original sentencing hearing that Defendant could seek a reduction of his sentence "outside the time limits." This, Defendant contends, was permissible under Rule 5-104 NMRA, which provides: "When an act may or must be done within a specified time, the court may, for cause shown, extend the time . . . with or without motion or notice if the court acts . . . before the original time . . . expires." Rule 5-104(B)(1)(a). We are persuaded that the district court properly extended the time limit under Rule 5-104(B) and, as a result, Defendant's Rule 5-801 motion was timely. We briefly address the State's arguments to the contrary.

**{9}**     The State first contends that Defendant fails to "point to any place in the record that shows that he or the district court relied on Rule 5-104(B) in the proceedings below." The State's argument that Defendant failed to preserve the issue is not well taken. "An appellee is not required to preserve arguments to affirm so long as those

arguments are not fact-based such that it would be unfair to the appellant to entertain those arguments." *Wild Horse Observers Ass'n v. N.M. Livestock Bd.*, 2016-NMCA-001, ¶ 29, 363 P.3d 1222 (internal quotation marks and citation omitted); *see also State v. Todisco*, 2000-NMCA-064, ¶ 11, 129 N.M. 310, 6 P.3d 1032 ("Generally, an appellee has no duty to preserve issues for review and may advance any ground for affirmance on appeal."). Thus, Defendant, as appellee, had no obligation to preserve the Rule 5-104(B) argument he advances on appellee. Moreover, there are no factual issues that would make it unfair to the State to affirm on this basis. In this case, the record is clear that the district court did in fact extend the time limit for Defendant to file a motion to reduce his sentence, as the State acknowledges. And the State does not dispute that the district court's authority to do so is found in Rule 5-104(B).

**{10}**   The State next points to the absence in the record of a written order memorializing the district court judge's ruling at sentencing that she would allow a late-filed motion to reconsider the sentence. To the extent the State suggests the district court's extension lacked force because it was not reduced to a written order, we reject the suggestion.[1] The State cites no authority for the proposition that a district court's oral grant of a time extension pursuant to Rule 5-104(B) is without effect if not supplemented by a written order. We accordingly do not consider this argument further. *See, e.g.*, *Tafoya v. Morrison*, 2017-NMCA-025, ¶ 46, 389 P.3d 1098 ("We will not consider propositions that are unsupported by citation to authority."); *see also State v. Ratchford*, 1993-NMSC-024, ¶ 20, 115 N.M. 567, 855 P.2d 556 ("There is *no* New Mexico case of which we are aware holding that a trial court's oral ruling is ineffective for any purpose whatsoever except to provide evidence of what the trial court may or may not do in a written order to be entered later.").

**{11}**   Finally, the State argues that "[t]here is no indication in the record that the court contemplated [a late filing] because of its initial confusion over the facts in this case." From this, we understand the State to argue that the district court was without jurisdiction to entertain Defendant's Rule 5-801 motion filed outside the ninety-day limit because the *reason* for the extension (i.e., to allow Defendant to present additional sentencing evidence) differed from the basis of the motion (i.e., the court's confusing Defendant's case with another). We are not convinced. The State cites no authority, and provides no explanation, advancing the idea that, once a time limit is extended, the district court's jurisdiction is limited to considering only those issues directly pertaining to the reason the court extended the time limit. Thinking of no good reason ourselves why a court's jurisdiction should be so circumscribed, we decline to consider the State's argument further. *See Tafoya*, 2017-NMCA-025, ¶ 46.

**{12}**   In short, we conclude that the district court properly exercised its authority under Rule 5-104(B) to extend the time limit for Defendant to file a Rule 5-801(A) motion, and,

---

1The State additionally complains that "Defendant never moved for an extension." This argument is unavailing, as Rule 5-104 explicitly authorizes the district court to extend time limits on its own motion. *See* Rule 5-104(B)(1)(a).

as a result, the district court had jurisdiction to consider Defendant's motion to reduce his sentence. We, therefore, affirm the Defendant's amended judgment and sentence.[2]

## II. Defendant's Conviction Is Supported by Substantial Evidence

**{13}** In his cross-appeal, Defendant argues the evidence was insufficient to sustain his conviction for CSCM in the second degree. In support, Defendant argues that B.G.'s testimony was inconsistent. Such an argument is foreclosed by myriad authority. *See, e.g.*, *State v. Sena*, 2008-NMSC-053, ¶ 11, 144 N.M. 821, 192 P.3d 1198 ("When parts of a witness's testimony are conflicting and ambiguous, it is the exclusive province of the jury to resolve the factual inconsistencies in that testimony." (alterations, omission, internal quotation marks, and citation omitted)); *State v. Vargas*, 2016-NMCA-038, ¶ 27, 368 P.3d 1232 ("It is the exclusive province of the jury to resolve inconsistencies or ambiguities in a witness's testimony, and New Mexico appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." (internal quotation marks and citations omitted)). We accordingly reject Defendant's argument and affirm his conviction.

## CONCLUSION

**{14}** For the foregoing reasons, we affirm Defendant's conviction and amended judgment and sentence.

**{15} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**

---

2Even were reversal warranted, which it is not, we observe that the State is incorrect in suggesting that relief would only be available through habeas corpus. Rule 5-801(A) allows a defendant to file a motion to reduce the sentence after an appellate court upholds the judgment of conviction, as we do here. *See* Rule 5-801(A) ("A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed, *or within ninety (90) days after receipt by the court of a mandate issued upon affirmance of the judgment* or dismissal of the appeal, or within ninety (90) days after entry of any order or judgment of the appellate court on direct appeal denying review of, or having the effect of upholding, a judgment of conviction." (emphasis added)).