This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: February 24, 2025**

**NO. S-1-SC-40214**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DAMIAN JACOB HERRERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeffrey A. Shannon, District Judge**

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Raúl Torrez, Attorney General
Meryl E. Francolini, Assistant Solicitor General
Santa Fe, NM

for Appellee

## DECISION

**VIGIL, Justice.**

**{1}** A jury found Defendant Damian Jacob Herrera guilty of first-degree felony murder and the predicate felony of unlawful taking of a motor vehicle. NMSA 1978, § 30-2-1(A)(2) (1994); NMSA 1978, § 30-16D-1 (2009). The district court sentenced Defendant to life imprisonment for first-degree felony murder and eighteen months for unlawful taking of a motor vehicle and ordered the sentences to be served concurrently.

Defendant appeals to this Court. *See* N.M. Const. art. VI, § 2 (requiring appeals from a sentence of life imprisonment to be taken directly to the Supreme Court); Rule 12-102(A)(1) NMRA (same).

**{2}** We exercise our discretion to decide the case by a nonprecedential decision, as the issues raised are disposed of by settled precedent and judicial rules. Rule 12-405(B)(1), (3) NMRA. We affirm the conviction for first-degree felony murder, vacate the conviction for unlawful taking of a motor vehicle on double jeopardy grounds, and remand for resentencing.

## I.    SUFFICIENCY OF THE EVIDENCE FOR FELONY MURDER

**{3}** Defendant contends that the district court erred in denying his motion for a directed verdict because the evidence was insufficient to prove him guilty of first-degree felony murder. Specifically, Defendant argues that the evidence fails to support a finding that he shot the victim, Michael Alan Kyte (Mr. Kyte), while he was in the course of taking Mr. Kyte's pickup truck without Mr. Kyte's consent. Defendant's argument arises from the fact that there was no witness to the shooting, and the only account was in his own *Mirandized* statement that he shot Mr. Kyte for making a sexual advance and not in the course of taking the pickup truck.

**{4}** We briefly recount the facts. *See State v. Sena*, 2008-NMSC-053, ¶ 10, 144 N.M. 821, 192 P.3d 1198 ("Our review of the denial of a directed verdict motion asks whether sufficient evidence was adduced to support the underlying charge."). Defendant ran out of gasoline, and Mr. Kyte came upon Defendant. Mr. Kyte agreed to help Defendant and offered to take Defendant back to Mr. Kyte's house, where he had some gasoline stored in a gasoline can. Before getting into Mr. Kyte's truck to get gasoline, Defendant armed himself with a loaded .38 Special revolver, together with two boxes of ammunition. While arriving at Mr. Kyte's house, Defendant claimed Mr. Kyte started acting like "a f**king weirdo or something," tried pushing him out of the truck, and attempted to "touch [him] and shit." In response, Defendant shot Mr. Kyte, who was unarmed, twice in the chest, then took his pickup truck and wallet. The gasoline can, later found by police in Mr. Kyte's truck, held only a few gallons. Since the nearest gas stations to Defendant's vehicle were about a half-hour drive away, it was more advantageous for Defendant to take Mr. Kyte's truck than to take only those few gallons. After shooting Mr. Kyte, Defendant took his truck and wallet, reloaded his .38 revolver, fled from police at high speeds, ultimately crashed, and then resisted arrest by brandishing a knife and struggling with the officers. Defendant concedes on appeal that the evidence establishes that he "caused the death of [Mr.] Kyte and . . . took [Mr.] Kyte's truck" without permission.

**{5}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). "When considering the sufficiency of the evidence, this Court does not evaluate the evidence to determine whether some hypothesis could be designed which

is consistent with a finding of innocence." *Sena*, 2008-NMSC-053, ¶ 10 (internal quotation marks and citation omitted). Instead, the Court views "the evidence as a whole and indulge[s] all reasonable inferences in favor of the jury's verdict while at the same time asking whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

**{6}**     The evidence supports the jury's verdict that Defendant intended to shoot Mr. Kyte and take his truck. It is true that Defendant said he shot Mr. Kyte for making a sexual advance, but the jury was free to reject that assertion. And based on the evidence presented and viewing it as a whole, while indulging all reasonable inferences in favor of the jury's verdict, we hold that substantial evidence supports the jury's finding that he shot Mr. Kyte to take his pickup truck, thereby committing first-degree felony murder. A rational jury could have found all the essential elements of the crimes proven beyond a reasonable doubt. *See* UJI 14-202 NMRA (felony murder); UJI 14-1660 NMRA (unlawful taking of a motor vehicle).

## II.     PEREMPTORY CHALLENGES OF ALTERNATE JURORS

**{7}**     Defendant argues that because he did not know in advance which members of the jury venire would be possible alternate jurors, the district court violated Rule 5-606(D)(3) NMRA and impaired his ability to meaningfully exercise his peremptory strikes. We reject this argument.

**{8}**     We begin with how the jurors were selected. The district court called prospective jurors from the numbered jury list in a numerically nonsequential order. For instance, the first juror called was juror #27, and there were no objections from the State or Defendant. Next, juror #24 was called, who the State accepted, but Defendant struck. Then, juror #8 was called, and there were no objections from the State or Defendant. This selection process continued until twelve jurors were selected. While selecting the twelve jurors, Defendant utilized seven of his twelve available peremptory strikes.

**{9}**     Before selecting alternate jurors, the district court allowed each side two peremptory strikes for selecting alternates, as four alternate jurors were going to be empaneled. *See* Rule 5-606(D)(3) (stating that the state and defendant are each entitled to two peremptory challenges if four alternate jurors are to be empaneled). Defendant objected because the district court randomized the designation of alternate jurors instead of stating at the outset which sequence of the venire included the possible alternates. The district court conducted jury selection for alternates as it did for primary jurors: calling prospective jurors from the numbered jury list in a numerically nonsequential order.

**{10}**     The State stuck the first proposed alternate juror, Defendant and the State accepted the second, Defendant struck the third and fourth, and the State accepted the fifth and struck the sixth with its final peremptory strike. The next two called were the remaining alternate jurors. None of the alternate jurors participated in deliberations.

**{11}** "The trial court is necessarily invested with a wide discretion in the superintendence of the process of impaneling the jury . . . ." *State v. Martinez*, 1948-NMSC-051, ¶ 4, 52 N.M. 343, 198 P.2d 256 (internal quotation marks and citation omitted). Thus, "[w]e will reverse only if a clear abuse of discretion by the district court in the conduct of voir dire resulted in prejudice to [the] defendant." *State v. Johnson*, 2010-NMSC-016, ¶ 34, 148 N.M. 50, 229 P.3d 523.

**{12}** Defendant's argument that the district court abused its discretion and that the selection of the alternate jurors violated Rule 5-606(D)(3) is unavailing. Rule 5-606(D)(3) states:

> The state and the defense are each entitled to one (1) peremptory challenge in addition to those otherwise allowed by this rule if one (1) or two (2) alternate jurors are to be empaneled, two (2) peremptory challenges if three (3) or four (4) alternate jurors are to be empaneled, and three (3) peremptory challenges if five (5) or six (6) alternate jurors are to be empaneled. The additional peremptory challenges provided by the paragraph may be used against an alternate juror only, and the other peremptory challenges allowed by law shall not be used against an alternate juror. The procedure for the exercise of peremptory challenges for alternate jurors shall be the same as that for regular jurors.

There is nothing in the rule which entitles a party to know which prospective jurors are being singled out as prospective alternate jurors in advance. Moreover, Defendant did not use all the peremptory strikes available to him in selecting the primary jurors, and none of the alternate jurors participated in deliberations. Under the circumstances, we conclude that there was no abuse of discretion and no prejudice. *See Johnson*, 2010-NMSC-016, ¶ 31 ("An abuse of discretion exists when the trial court acted in an obviously erroneous, arbitrary, or unwarranted manner." (internal quotation marks and citation omitted)).

## III.    SELF-DEFENSE INSTRUCTION

**{13}** Defendant argues that the district court erred in denying his request for a self-defense instruction. He asserts that Mr. Kyte's alleged attempt to touch him posed a threat of great bodily harm, making it reasonable for him to use deadly force to prevent being touched.

**{14}** Jury instructions on self-defense are warranted when there is even the slightest evidence supporting each element of the defense, provided that the evidence is sufficient for reasonable minds to differ on all elements of the offense. *See State v. Gonzales*, 2007-NMSC-059, ¶ 19, 143 N.M. 25, 172 P.3d 162. "An instruction on self-defense requires evidence that (1) the defendant was put in fear by an apparent danger of immediate death or great bodily harm, (2) the killing resulted from that fear, and (3) the defendant acted reasonably when he or she killed," with the first two requirements being subjective, focusing on the defendant's perception at the time of the incident, and the third being objective, focusing "on the hypothetical behavior of a reasonable person

acting under the same circumstances." *State v. Baroz*, 2017-NMSC-030, ¶ 14, 404 P.3d 769 (internal quotation marks and citations omitted).

**{15}** We hold that Defendant was not entitled to a self-defense instruction. Defendant's perception of Mr. Kyte as a "weirdo or something" and Mr. Kyte's alleged attempt to push Defendant out of his truck and "touch [Defendant] and shit" did not amount to a reasonable fear of immediate harm or danger that would justify shooting Mr. Kyte, who was unarmed, twice in the chest. *See State v. Rudolfo*, 2008-NMSC-036, ¶ 20, 144 N.M. 305, 187 P.3d 170 (stating that self-defense is recognized as a justification for homicide based on "the reasonable belief in the necessity for the use of deadly force to repel an attack in order to save oneself or another from death or great bodily harm." (internal quotation marks and citation omitted)); *see also State v. Sutphin*, 2007-NMSC-045, ¶ 22, 142 N.M. 191, 164 P.3d 72 ("[I]f the defendant's reaction is unreasonable, a self-defense instruction is not appropriate.").

## IV. DOUBLE JEOPARDY UNDER THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

**{16}** Defendant argues that his convictions for both fourth-degree-felony unlawful taking of a motor vehicle and first-degree felony murder violate the United States Constitution's Fifth Amendment prohibition against double jeopardy, and he asserts that the unlawful taking of a motor vehicle conviction must be vacated because the felony murder conviction subsumes it. *See State v. Porter*, 2020-NMSC-020, ¶ 5, 476 P.3d 1201 (highlighting that the "United States Constitution and the New Mexico Constitution" prohibit "imposing multiple punishments for the same offense" (internal quotation marks and citations omitted)); *State v. Frazier*, 2007-NMSC-032, ¶¶ 1, 26, 142 N.M. 120, 164 P.3d 1 (explaining that double jeopardy principles protect against multiple punishments for the same offense and therefore that "the predicate felony is always subsumed into a felony murder conviction, and no defendant can be convicted of both [crimes]" where "the underlying conduct is unitary"); *State v. Montoya*, 2013-NMSC-020, ¶ 11, 306 P.3d 426 (confirming *Frazier*'s holding that "cumulative punishment may not be imposed for felony murder and its lesser included predicate offense"). The State concedes that granting the requested relief is required by *Frazier*, 2007-NMSC-032, and *Montoya*, 2013-NMSC-020.

**{17}** We accept the State's concession and hold that Defendant may not be convicted and sentenced for the unlawful taking of a motor vehicle *and* first-degree felony murder per double-jeopardy principles, regardless of the sentences running concurrently. *See State v. Santillanes*, 2001-NMSC-018, ¶ 28, 130 N.M. 464, 27 P.3d 456 ("[C]oncurrent sentencing does not adequately remedy the imposition of impermissible multiple punishments for a single offense; double jeopardy requires that the lesser offense merge into the greater offense such that the conviction of the lesser offense, not merely the sentence, is vacated.").

## V.    CONCLUSION

**{18}**    We affirm the conviction for first-degree felony murder, vacate the conviction for unlawful taking of a motor vehicle on double jeopardy grounds, and remand for resentencing.

**{19}    IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Justice**

**WE CONCUR:**

**DAVID K. THOMSON, Chief Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**