This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41013**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ANTONIO GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Melissa A. Kennelly, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Chief Judge.**

**{1}** Defendant appeals his conviction for trafficking methamphetamine by possession with intent to distribute, contrary to NMSA 1978, Section 30-31-20(A)(2) (2006). This matter was submitted to this Court on the brief in chief pursuant to an order for modified briefing. We have considered Defendant's brief in chief and conclude that no further briefing is necessary, as the brief submitted to this Court provides no possibility for reversal. Accordingly, we affirm for the following reasons.

## BACKGROUND

**{2}** Defendant's conviction stems from events that occurred after police officers in Raton, New Mexico responded to a motel room in which Defendant and several others were reported to be present without permission. Police encountered Defendant inside the room where he was standing near the bed with his hand inside a computer tablet case. On searching the case, officers found an Altoids tin containing ten individually packaged "bindle baggies" of what appeared to be methamphetamines. A field test performed on the substance yielded a positive result for methamphetamine.

**{3}** In addition to the law enforcement testimony, Eric Young, an analyst from the state forensic laboratory in Santa Fe, testified regarding the lab testing of some of the bindle baggies of suspected methamphetamine. Young was not the analyst who performed the original analyses. However, Young testified that the substances were methamphetamine and heroin, based on his review of the original analyst's notes and the raw data that she generated.

**{4}** Following deliberations, the jury convicted Defendant of one count of trafficking methamphetamine. Defendant now appeals arguing that he received ineffective assistance of counsel and that the evidence was insufficient to support his conviction.

**Ineffective Assistance of Counsel Claims**

**{5}** Defendant alleges two instances of ineffective assistance of counsel during trial. Defendant first argues that his counsel should have objected to introduction of the field test results showing the substance to be methamphetamine. Defendant also argues that his attorney was ineffective in failing to object to Young's testimony identifying the methamphetamine on confrontation grounds. "We review claims of ineffective assistance of counsel de novo." *State v. Pitner*, 2016-NMCA-102, ¶ 14, 385 P.3d 665 (internal quotation marks and citation omitted). "A defendant seeking to establish ineffective assistance must show both deficient performance of counsel and prejudice caused by the deficient performance." *State v. Rivas*, 2017-NMSC-022, ¶ 23, 398 P.3d 299. As to the prejudice prong of the analysis, the defendant must establish "a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 (internal quotation marks and citation omitted).

**{6}** We begin with Defendant's confrontation argument. As noted, Young was not the analyst who originally performed the testing at the state laboratory facility. However, this Court has held that the Confrontation Clause is not offended when "an expert who has analyzed the raw data generated by another analyst and who has formed independent conclusions based upon that analysis . . . testif[ies] as to those conclusions." *State v. Huettl*, 2013-NMCA-038, ¶ 36, 305 P.3d 956. Expert testimony violates the Confrontation Clause when the opinion of the testifying expert "is based solely upon a non[]testifying analyst's analysis and conclusions." *Id.* ¶ 37. In those instances, "the expert will have failed to form an independent opinion and is merely acting as a conduit for the presentation of a non[]testifying witness's testimonial hearsay." *Id.* ¶ 38. "[T]he controlling question, 'is whether the analyst's testimony was an expression of [their] own

opinion or whether [they] were merely parroting or merely repeating the contents of the report or the opinion of the analyst who is unavailable for cross-examination." *State v. Espinoza*, 2023-NMCA-012, ¶ 24, 525 P.3d 429 (internal quotation marks and citation omitted).

**{7}** The parties stipulated that Young was an expert in narcotics identification and analysis. [CD-12/5/2022, 2:27:13-2:27:40] Young testified regarding the use of a gas chromatograph mass spectrometer (GCMS) to identify substances. Young explained that by comparing the data produced by the GCMS testing of an unknown substance to the data produced by the GCMS for known controlled substances, he can determine whether a given sample is consistent with a particular drug. [CD-12/5/2022, 2:37:00-2:39:26] Young testified that in preparing to give evidence in this case, he reviewed the raw data and notes generated by the original analyst during the GCMS testing of the substances. The prosecutor then asked Young what were his conclusions and his expert opinion regarding what the substances were, and Young responded that "going strictly off of the notes and the data generated by Ms. Caleb," one of the items was heroin and four were methamphetamine. [CD-12/5/2022, 2:46:57:-2:47:54]

**{8}** Defendant contends that Young's statement that he relied on the notes and data generated by the original analyst establishes that he did not make an independent determination. [BIC 15-17] However, the Confrontation Clause is not violated simply because a substitute expert relies on a review of the notes and raw data generated by another analyst. *See State v. Navarette*, 2013-NMSC-003, ¶ 22, 294 P.3d 435 ("[A]n expert witness may express an independent opinion regarding [their] interpretation of raw data without offending the Confrontation Clause."). What is impermissible is expert testimony based solely on a nontestifying analyst's analysis and conclusions. *See Huettl*, 2013-NMCA-038, ¶ 37.

**{9}** Young's testimony, taken as a whole, demonstrates that he was giving an independent opinion based on his review of the raw data. *See Navarette*, 2013-NMSC-003, ¶ 22. Young did not testify to any formal statements or declarations made by the original analyst, nor did he testify regarding any of her conclusions. *Cf. State v. Delgado*, 2010-NMCA-078, ¶ 4, 148 N.M. 870, 242 P.3d 437 (holding that the defendant's right to confrontation was violated where the expert was simply explaining her approval of the original analyst's conclusion testimony and there was nothing in her testimony indicating that she relied on her own analysis to arrive at her own conclusion). Rather, Young testified to his review of the raw data and his ability to review raw data generated by GCMS testing and determine the nature of an unknown substance based on a comparison with the raw data produced by testing of known samples. Such testimony is permissible without violating the right to confrontation. *See Huettl*, 2013-NMCA-038, ¶¶ 38-39 (concluding that because the expert witness testified only to his own analysis and interpretation of the raw data generated and did not testify to any testimonial statement or conclusion of the original analyst, the defendant's right to confrontation was not violated); *cf. State v. Aragon*, 2010-NMSC-008, ¶¶ 26-30, 147 N.M. 474, 225 P.3d 1280 (framing the question presented as whether the testifying analyst was testifying to his own opinion or merely parroting the opinion of the analyst

who performed the forensic analysis, and noting that the testifying analyst had not analyzed the raw data to reach his conclusion), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.37, 275 P.3d 110.

**{10}** Accordingly, we conclude that Young's testimony did not violate the Confrontation Clause, and, consequently, trial counsel's failure to object on confrontation grounds did not constitute deficient performance. *See State v. Pamphille*, 2021-NMCA-002, ¶ 39, 482 P.3d 1241 (recognizing that where a defendant fails to establish error, there is no prima facie case for ineffective assistance of counsel).

**{11}** Defendant next argues that his counsel was ineffective in failing to object to introduction of the field test results identifying the substance as methamphetamine based on the State's failure to prove the scientific reliability of the field tests. *See State v. McClennen*, 2008-NMCA-130, ¶ 12, 144 N.M. 878, 192 P.3d 1255 (stating that, in a criminal case, "[b]efore the results of a field test can be introduced to prove the identity of contraband, the state must establish the scientific reliability of the test and the validity of the scientific principles on which the field test is based"), *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37 n.6. Defendant also argues that, since there was no foundation for introduction of the field test results, the evidence receipt documenting those results should have been redacted. [BIC 12-15]

**{12}** In this case, the field test results were cumulative of Young's testimony that the substance was methamphetamine. *See State v. Johnson*, 2004-NMSC-029, ¶ 38, 136 N.M. 348, 98 P.3d 998 (defining cumulative evidence as "additional evidence of the same kind tending to prove the same point as other evidence already given" (internal quotation marks and citation omitted)). We therefore conclude that, even if counsel's failure to object to the introduction of the field test results constituted deficient performance, Defendant has not met his burden to show prejudice. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 34, 130 N.M. 198, 22 P.3d 666 (explaining that the prejudice prong requires a showing that the counsel's error was so serious that it affected the outcome of the trial); *see also State v. Morales*, 2002-NMCA-052, ¶ 23, 132 N.M. 146, 45 P.3d 406 (noting that any foundational issues regarding field test results can be avoided by the introduction of test results from a competent laboratory to identify the substance), *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37 n.6.

**{13}** However, to the extent Defendant's arguments may be based on information not contained in the record currently before this Court, we note that where information that is not of record may give rise to a claim of ineffective assistance of counsel, such arguments are best raised in habeas corpus proceedings. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition.").

**Sufficiency of the Evidence**

**{14}** Defendant also argues that his conviction for trafficking was not supported by sufficient evidence. [BIC 21-27] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted). "[W]e view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). "We will not substitute our judgment for that of the fact[-]finder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

**{15}** In order to convict Defendant of trafficking under the instructions given, the State was required to prove that on or about October 21, 2018: (1) Defendant had methamphetamine in his possession; (2) Defendant knew it was methamphetamine; and (3) Defendant intended to transfer it to another. [2 RP 313] *See* UJI 14-3111 NMRA (trafficking by possession with intent to distribute elements); *see also State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."). Defendant challenges only the sufficiency of the evidence proving that he intended to transfer the methamphetamine to another.

**{16}** "Intent is usually established by circumstantial evidence." *State v. Brenn*, 2005-NMCA-121, ¶ 24, 138 N.M. 451, 121 P.3d 1050. In this case, Officer Stewart testified that the amount of methamphetamine recovered from the tablet case was 4.1 grams, including packaging, and that a normal user amount would not exceed one gram. *See State v. Curry*, 1988-NMCA-031, ¶ 7, 107 N.M. 133, 753 P.2d 1321 ("Intent to distribute may be inferred when the amount of a controlled substance possessed is inconsistent with personal use."). Officer Stewart also testified that, based on his training and experience, gatherings of people in hotel rooms was relevant to indicate drug trafficking. This evidence, combined with the evidence that the methamphetamine was separately packaged into ten discrete units was sufficient to allow a reasonable jury to conclude that Defendant had the requisite intent to distribute the methamphetamine. [CD-12/5/2022, 1:01:00-1:02:00, 1:22:00] *See State v. Hubbard*, 1992-NMCA-014, ¶ 9, 113 N.M. 538, 828 P.2d 971 (stating that intent to distribute a controlled substance may be inferred by surrounding facts and circumstances including the manner of packaging of the controlled substance).

**{17}** Defendant points to fact that police did not recover scales, small bills, or other packing materials that would further support an inference of Defendant's intent to transfer the methamphetamine. [BIC 24-27] However, "[w]hen considering the sufficiency of the evidence, this Court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Sena*, 2008-NMSC-053, ¶ 10, 144 N.M. 821, 192 P.3d 1198

(internal quotation marks and citation omitted). Instead, the Court views "the evidence as a whole and indulge[s] all reasonable inferences in favor of the jury's verdict while at the same time asking whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). And, to the extent Defendant argues that the evidence was consistent with Defendant possessing methamphetamine for personal use, and it was therefore error for the jury to convict him, we disagree. [BIC 26] *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

**{18}** For these reasons, we affirm.

**{19} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**