The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: January 12, 2023

**NO. S-1-SC-38797**

**STATE OF NEW MEXICO,**

     Plaintiff-Respondent,

v.

**FRANKLIN D. BEGAYE,**

     Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**John Dean, Jr., District Judge**

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
Walter M. Hart, III, Assistant Attorney General
Santa Fe, NM

for Respondent

**OPINION**

**VARGAS, Justice.**

{1}    This case requires us to consider whether Defendant Franklin Begaye's convictions for nonresidential burglary and breaking and entering violated his right to be free from double jeopardy. Defendant was convicted of both crimes after he broke into a business in Farmington, New Mexico. In the proceedings below, the district court determined that the nonresidential burglary and breaking and entering charges did not violate double jeopardy. The Court of Appeals affirmed the district court in a formal opinion. *State v. Begaye*, 2022-NMCA-010, ¶¶ 1, 31, 505 P.3d 855. Though our guidance in *State v. Porter*, 2020-NMSC-020, 476 P.3d 1201, resolves the issue, this appeal indicates that confusion persists within our double jeopardy jurisprudence warranting further clarification. We conclude that Defendant's right to be free from double jeopardy was violated when he was convicted for both breaking and entering and nonresidential burglary because the underlying conduct was unitary and, under the State's theory, the burglary offense subsumed the breaking and entering offense. "[I]f we determine that one of the offenses subsumes the other offense, the double jeopardy prohibition is violated, and punishment cannot be had for both." *Id.* ¶ 20 (internal quotation marks and citation omitted). We reverse.

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## I. BACKGROUND

### A. Facts

{2} On February 28, 2017, Defendant was arrested following a report of a break-in at Ram Signs, a business in Farmington, New Mexico. That night, Ram Signs co-owner, Michael Mordecki, heard a loud bang in the lobby of his business. Mr. Mordecki found the front window smashed and called the police. Farmington Police Department Officer Justin Nichols responded. He verified that the intruder was not in the building and proceeded to inspect the premises. Officer Nichols testified that the front window was broken, the cash drawer was pulled out and its contents were on the floor, and the front desk was in disarray. Nevertheless, nothing was taken.

{3} Security footage showed an individual smashing and eventually falling through the front glass window. After reviewing the footage, Officer Nichols directed officers to search the area for an adult male wearing dark pants, lighter-colored boots, headgear, and a dark jacket over a lighter-colored hoodie. On his way back to the police station, Officer Nichols saw Defendant, who matched the description of the individual in the security footage. Upon approaching Defendant, Officer Nichols observed a considerable amount of glass covering Defendant's jacket. Defendant was detained and ultimately charged with nonresidential burglary,

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

contrary to NMSA 1978, Section 30-16-3(B) (1971), and breaking and entering, contrary to NMSA 1978, Section 30-14-8 (1981).[1]

**B.    Procedural History**

{4}    At trial, Defendant's attorney moved to dismiss the breaking and entering charge on double jeopardy grounds, arguing that the State relied upon the same conduct and evidence to support both breaking and entering and nonresidential burglary. The district court denied Defendant's motion, concluding that there was no double jeopardy violation because breaking and entering required proof of the distinct element of force—an element not required to prove burglary. After having been convicted on both charges, Defendant appealed.

{5}    In a published opinion, the Court of Appeals affirmed Defendant's breaking and entering and burglary convictions, holding that "Defendant's convictions for breaking and entering and aggravated burglary did not offend his right to be free

---

[1]Defendant was also charged with, and subsequently convicted of, possession of burglary tools contrary to NMSA 1978, Section 30-16-5 (1963). Defendant appealed his conviction for possession of burglary tools. The Court of Appeals reversed, holding that there was insufficient evidence to support the conviction. *Begaye*, 2022-NMCA-010, ¶¶ 1, 30-31. The State does not challenge the Court of Appeals' reversal of Defendant's conviction for possession of burglary tools.

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

from double jeopardy."[2] *Begaye*, 2022-NMCA-010, ¶ 16. In reaching its holding, the Court of Appeals first correctly recognized that this case involved a double jeopardy, multiple description issue and applied the two-part *Swafford* test, which examines "'(1) whether the conduct is unitary, and, if so, (2) whether the Legislature intended to punish the offenses separately.'" *Id*. ¶¶ 5-6 (quoting *State v. Gonzales*, 2019-NMCA-036, ¶ 14, 444 P.3d 1064 (citing *Swafford v. State*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223)).

{6} After explaining that the first part of the *Swafford* test was satisfied because the State did not dispute that the conduct in this case was unitary, the Court of Appeals proceeded to apply the strict-elements test established by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), to ascertain legislative intent. *Begaye*, 2022-NMCA-010, ¶¶ 6-7; *see Swafford*, 1991-NMSC-043, ¶ 10 (explaining that the only consideration under the strict-elements test is "whether each provision requires proof of a fact the other does not" (internal quotation marks and citation omitted)). Applying the strict-elements test, the Court of Appeals explained that burglary, Section 30-16-3, requires a specific intent "'to

---

[2]We note that Defendant was charged with, and subsequently convicted of burglary, not aggravated burglary as set out in the Court of Appeals' opinion.

4

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

commit any felony or theft therein,'" while breaking and entering, Section 30-14-8, requires "the unauthorized entry to be effectuated by a specified means." *Begaye*, 2022-NMCA-010, ¶ 10. The Court of Appeals concluded that there was no double jeopardy violation because "both offenses require proof of an element the other does not" and therefore, according to the Court of Appeals, it was the Legislature's intent to authorize separate punishments for breaking and entering and nonresidential burglary. *Id.*

{7} After reaching its conclusion, the Court of Appeals nonetheless proceeded to apply the modified *Blockburger* test adopted by this Court in *State v. Gutierrez*, 2011-NMSC-024, ¶ 48, 150 N.M. 232, 258 P.3d 1024, "to examine other indicia of legislative intent" and confirm that there was no double jeopardy violation under the strict-elements test. *Begaye*, 2022-NMCA-010, ¶¶ 10-11. The Court of Appeals acknowledged that the modified test applies when a statute is written in the alternative or "can be violated in more than one way," *id.* ¶¶ 8, 11, and explained that "'the modified *Blockburger* analysis demands that we compare the elements of the offense, looking at the [S]tate's legal theory of how the statutes were violated.'" *Id.* ¶ 8 (quoting *Porter*, 2020-NMSC-020, ¶ 8).

5

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

{8} Applying the modified *Blockburger* analysis, the Court of Appeals initially recognized that the purpose of "New Mexico's breaking and entering statute is itself grounded in common law burglary" but reiterated that each statute requires distinct elements. *Begaye*, 2022-NMCA-010, ¶¶ 11-12 (text only)[3] (citing *State v. Holt*, 2016-NMSC-011, ¶ 15, 368 P.3d 409). Additionally, the Court of Appeals concluded that "the Legislature intended to authorize separate punishments under the statutes" because the "purpose of the breaking and entering statute is sufficiently distinct from the purpose of the burglary statute" in that "[t]he crime of burglary punishes the broader criminal conduct of any unauthorized entry when there is specific criminal intent." *Begaye*, 2022-NMCA-010, ¶ 13; *see* § 30-16-3.

{9} Finally, the Court of Appeals turned to the State's theory of the case, analyzing the jury instructions and charging documents. *Id*. ¶¶ 14-16. As part of this analysis, the Court of Appeals revisited whether the conduct in this case was unitary as conceded by the State on appeal, noting that "the State did not suggest that the jury rely on the unauthorized entrance as the sole basis for conviction of each crime."

---

[3]The "text only" parenthetical as used in this opinion indicates the omission of any of the following—internal quotation marks, ellipses, and brackets—that are present in the text of the quoted source, leaving the quoted text itself otherwise unchanged.

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

*Id.* ¶ 15. As to the jury instructions, the Court of Appeals concluded that breaking and entering was not subsumed into burglary because each charge required different elements: burglary required a specific intent to commit a theft, while breaking and entering required "the jury . . . to find that the unauthorized entrance was effectuated by breaking the window." *Id.* According to the Court of Appeals, "That additional element—one that was not required by the burglary instruction—establishes that Defendant's conviction for breaking and entering could not have been subsumed within the aggravated burglary conviction." *Id.*

{10} Reviewing the charging documents, the Court of Appeals reiterated that the breaking and entering charge relied upon "breaking or dismantling" and that the burglary charge relied upon the "intent to commit a felony or theft therein." *Id.* ¶ 16 (internal quotation marks and citations omitted). The Court of Appeals held that Defendant's double jeopardy rights were not violated because "the conduct required by the two charges was adequately distinguishable and not solely premised on the *unitary* conduct." *Id.* ¶ 16 (emphasis added). The Court of Appeals' holding appeared to be predicated on two findings: (1) The language and purpose of the burglary and breaking and entering statutes suggest that the Legislature intended to allow separate punishments under both provisions, *see id.* ¶ 14, and (2) the State's

7

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

legal theory of the case, as gleaned from the charging documents and the jury instructions, did not depart from the elements set out in the burglary and breaking and entering statutes, each of which requires proof of an element the other does not, *see id*. ¶¶ 14-16.

## II.   DISCUSSION

{11}   Defendant's challenge that his convictions for burglary and breaking and entering violated his right to be free from double jeopardy is reviewed de novo. *State v. Torres*, 2018-NMSC-013, ¶ 17, 413 P.3d 467 ("A double jeopardy challenge presents a question of constitutional law, which we review de novo."). Before evaluating Defendant's argument that he was twice put in jeopardy for the same offense, we first discuss New Mexico's double jeopardy jurisprudence, focusing on how it has "grow[n] away from the historical strict mechanical elements test and increasingly toward a substantive sameness analysis." *State v. Montoya*, 2013-NMSC-020, ¶ 46, 306 P.3d 426.

### A.   Double Jeopardy Jurisprudence

{12}   Under the United States and New Mexico Constitutions, no person shall be "twice put in jeopardy" for the same offense. U.S. Const. amend. V; N.M. Const. art. II, § 15. We have previously explained that the double jeopardy clause provides

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

a criminal defendant with three distinct levels of protection. *State v. Gallegos*, 2011-NMSC-027, ¶ 30, 149 N.M. 704, 254 P.3d 655. The double jeopardy clause protects against (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *Id.* (internal quotation marks and citation omitted). The third and most common category, multiple punishment cases, comes to us in two ways. *Id.* ¶ 31. "First, there are double description [cases] in which a single act results in multiple charges under different criminal statutes. Second, there are unit of prosecution [cases] in which an individual is convicted of multiple violations of the same criminal statute." *Id.* (alterations in original) (internal quotation marks and citations omitted). Defendant in this case presents his challenge as a double-description violation because he was convicted for unitary conduct under two different statutes.

{13} "It is well established that the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Gutierrez*, 2011-NMSC-024, ¶ 50 (internal quotation marks and citation omitted). In reviewing a double-description challenge, we follow the two-part test adopted in *Swafford*, 1991-NMSC-043, ¶ 25. First, we assess "whether the conduct

9

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

underlying the offenses is unitary, *i.e.*, whether the same conduct violates both statutes." *Id.* Second, we examine "the statutes at issue to determine whether the legislature intended to create separately punishable offenses." *Id.* "Only if the first part of the test is answered in the affirmative, and the second in the negative, will the double jeopardy clause prohibit multiple punishment in the same trial." *Id.*

{14} This Court's jurisprudence applying the first prong of the test, whether the conduct is unitary, is largely consistent. *See, e.g., Porter*, 2020-NMSC-020, ¶ 12 (explaining that our unitary conduct inquiry examines whether the conduct underlying both convictions is sufficiently distinct as to time, place, or action); *see also State v. Swick*, 2012-NMSC-018, ¶ 11, 279 P.3d 747; *Gutierrez*, 2011-NMSC-024, ¶ 51 (applying substantially the same analysis in discerning whether the conduct underlying the two convictions was unitary). It is the second prong of the test, ascertaining whether the Legislature intended to allow for multiple punishments, that previously led this Court to note that "[h]onoring the law's protection against multiple punishments for 'the same offense' is one of the most vexing challenges of double jeopardy jurisprudence." *Montoya*, 2013-NMSC-020, ¶¶ 29, 32 (citation omitted). Given these complexities, New Mexico's double-description jurisprudence has not always progressed in a linear fashion. *See id.* ¶ 46 ("Our double jeopardy

10

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

jurisprudence has continued to grow away from the historical strict mechanical elements test and increasingly toward a substantive sameness analysis.").

{15}    Today, two divergent approaches exist within this Court's double jeopardy jurisprudence to discern whether the Legislature intended to allow for multiple punishments: the strict-elements *Blockburger* test and the modified *Blockburger* test. These divergent approaches amount to a difference in the process the reviewing court implements to determine whether a defendant's double jeopardy rights were violated. The applicable approach is dependent on whether the statutes at issue are vague or written in the alternative. Before we reach the appropriate test applicable to the facts of this case, we discuss the development of the two tests over time.

{16}    In 1991, this Court adopted a two-part test set out in *Swafford*, applying a mechanical *Blockburger* test, to ascertain legislative intent. *Swafford*, 1991-NMSC-043, ¶¶ 10, 25. This mechanical *Blockburger* test is often referred to as the strict-elements test. *See, e.g.*, *Porter*, 2020-NMSC-020, ¶ 7. In adopting the strict-elements test, the *Swafford* Court explained that the test did not involve the consideration of evidence presented at trial. 1991-NMSC-043, ¶ 10. In *State v. Franco*, this Court reiterated that *Swafford* rejected "an evidence-based approach . . . in favor of the

11

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

*Blockburger* test[], which is an elements-based approach." 2005-NMSC-013, ¶ 17, 137 N.M. 447, 112 P.3d 1104.

{17}     Twenty years after *Swafford*, this Court modified the *Blockburger* analysis in cases where the statutes at issue are vague and unspecific or are written in the alternative. *Gutierrez*, 2011-NMSC-024, ¶ 48. When the modified *Blockburger* approach applies, we compare the elements of the two offenses, examining the state's legal theory of the particular case as to how the statutes were violated. *Id.* ¶ 58; *accord Porter*, 2020-NMSC-020, ¶ 8. While *Gutierrez* noted that the particular facts of the case should be avoided, 2011-NMSC-024, ¶ 58, Justice Bosson, specially concurring, recognized that the Court was authorizing a limited review of the facts by looking at the indictment and jury instructions:

> While it makes sense to allow a party to look at the specific language used in the indictment along with the jury instructions to analyze the state's "legal theory," any factual inquiry beyond those two limited areas has not been sanctioned by this Court. But at the same time, something creative is happening whereby this Court, for the first time in twenty years, is rethinking some of the underpinnings of our double jeopardy jurisprudence. We encourage constructive critical thinking from counsel and from our colleagues on the Court of Appeals in terms of where this process should lead.

*Id.* ¶ 78 (Bosson, J., specially concurring).

12

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

{18} In *Swick*, we expanded the limited factual inquiry of the indictment and jury instructions authorized in *Gutierrez* when we examined the state's closing argument to discern the state's legal theory. *Swick*, 2012-NMSC-018, ¶¶ 26-27. In *Montoya* one year after *Swick*, noting the state's reliance on the same testimony to prove both charged crimes, we explained that *Swick* "followed the teachings of *Gutierrez* and reaffirmed that a complete double jeopardy analysis may require looking beyond facial statutory language to the actual legal theory in the particular case by considering such resources as the *evidence*, the charging documents, and the jury instructions." *Montoya*, 2013-NMSC-020, ¶ 49 (emphasis added). Most recently in *Porter* we reiterated that, when the legal theory is still unclear based on the charging documents and jury instructions alone, "we also review testimony, opening arguments, and closing arguments to establish whether the same evidence supported a defendant's convictions under both statutes." 2020-NMSC-020, ¶ 19.

{19} It is with this jurisprudential progression in mind that we proceed to examine the parties' arguments.

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**B.     Application of the Two-Part *Swafford* Test**

**1.     Unitary conduct**

{20}    *Swafford*'s two-part test first requires that this Court assess whether the "conduct underlying the offenses is unitary, *i.e.,* whether the same conduct violates both statutes." 1991-NMSC-043, ¶ 25. A defendant's conduct is unitary "if the acts are not separated by sufficient indicia of distinctness." *Porter*, 2020-NMSC-020, ¶ 12 (internal quotation marks and citation omitted). "The conduct question depends to a large degree on the elements of the charged offenses and the facts presented at trial." *Swafford*, 1991-NMSC-043, ¶ 27. The State concedes that Defendant's conduct in this case was unitary. *See Begaye*, 2022-NMCA-010, ¶ 6 (considering the first part of the *Swafford* test to be satisfied because the State did not dispute that the conduct was unitary). While this Court is not bound by the State's apparent concession, *State v. Comitz*, 2019-NMSC-011, ¶ 25, 443 P.3d 1130, we agree with the State that Defendant's convictions for nonresidential burglary and breaking and entering both arose out of the unitary conduct of Defendant entering Ram Signs by breaking the window. When the underlying conduct for multiple convictions is unitary, we next consider legislative intent. *Torres*, 2018-NMSC-013, ¶ 21.

14

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**2. Legislative intent**

{21} To determine whether the Defendant in this case is protected from being punished twice for unitary conduct, "this Court must determine whether the Legislature intended to permit multiple punishments" for nonresidential burglary and breaking and entering. *Porter*, 2020-NMSC-020, ¶ 15. "In analyzing legislative intent, we first look to the language of the statute itself." *Torres*, 2018-NMSC-013, ¶ 21 (internal quotation marks and citation omitted). Neither the nonresidential burglary statute nor the breaking and entering statute explicitly authorizes multiple punishments. *See* § 30-16-3(B) (nonresidential burglary); § 30-14-8 (breaking and entering). Because the statutes do not explicitly authorize multiple punishments, we must apply other canons of construction to determine legislative intent. *Porter*, 2020-NMSC-020, ¶ 16.

{22} We next apply the *Blockburger* test, looking to the language of the statute to determine whether we must apply the strict-elements test or the modified version of the test. *Id.* ¶¶ 16-19. Notwithstanding the possible alternative violations of the breaking and entering statute, the Court of Appeals in this case, relying upon *State v. Silvas*, 2015-NMSC-006, ¶ 11, 343 P.3d 616, applied the strict-elements test before applying the modified test "to examine other indicia of legislative intent" and

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

confirm that there was no double jeopardy violation under the strict-elements test. *Begaye*, 2022-NMCA-010, ¶¶ 7-11. The State contends that the Court of Appeals correctly "employed the same practice [as *Silvas*] of first evaluating the statutes under strict elements *Blockburger* analysis before proceeding to the modified *Blockburger* analysis." Reliance upon *Silvas* to support the application of both the strict-elements test *and* the modified test is misplaced because *Silvas* never applied the strict *Blockburger* test to the facts of that case and instead merely explained the strict-elements *Blockburger* test before describing why this Court modified it. *See* 2015-NMSC-006, ¶ 14 ("*Blockburger* continues to retain a place in our jurisprudence as a kind of surrogate for construing legislative intent. In recent years, however, when interpreting generic, multipurpose criminal statutes which may in the abstract require proof of a fact the other does not, this Court has modified the *Blockburger* test to require more." (text only) (citation omitted)). "We now consider not only whether each statute *in the abstract* requires proof of a fact that [the other does] not, but also whether the statute, *as applied by the State in a given case*, overlaps with other criminal statutes so that the accused is being punished twice for the same offense." *Id*. (first emphasis in original) (internal quotation marks and citation omitted). The *Silvas* Court proceeded to apply the modified test, holding that

16

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

the defendant in that case was convicted and punished twice for the same offense, thus violating double jeopardy. *Id*. ¶¶ 15-21.

{23} This Court's approach in *Silvas* is consistent with our recent explanation in *Porter* that it is improper to apply the strict-elements *Blockburger* test in a case where the statute is vague or written in the alternative and that such an application "renders [the] conclusion unreliable." *Porter*, 2020-NMSC-020, ¶ 8. We clarify that in double jeopardy cases where a defendant asserts having been twice put in jeopardy for the same offense, like the present case, a court must first examine the statutes at issue to discern whether the modified or strict-elements *Blockburger* test applies. Once a court has made such a determination, it should then apply either the modified or the strict-elements test—but not both. The Court of Appeals erred when it applied the strict-elements test to this case despite its recognition that the breaking and entering statute was drafted in the alternative. *See Begaye*, 2022-NMCA-010, ¶ 11. Only application of the modified test was appropriate.

{24} In the present case, the modified test applies because the breaking and entering statute provides alternative methods by which a defendant can violate the statute. The state can prosecute an individual where "entry is obtained by fraud *or* deception, *or* by . . . breaking *or* dismantling." Section 30-14-8(A) (emphasis added). The

17

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

modified *Blockburger* analysis "demands that we compare the elements of the offense, looking at the State's legal theory of how the statutes were violated." *Porter*, 2020-NMSC-020, ¶ 8. To ascertain the state's legal theory, this Court "review[s] the statutory language, charging documents, and jury instructions used at trial." *Id*. ¶ 19. "If the state's legal theory cannot be ascertained using the charging documents and jury instructions, we also review testimony, opening arguments, and closing arguments to establish whether the same evidence supported a defendant's convictions under both statutes." *Id.* We examine each offense keeping in mind that determining "[w]hether one offense subsumes the other depends entirely on the State's theory of the case." *Id*. ¶ 21.

**a.     The statutory language, charging documents, and jury instructions do not reveal the State's legal theory**

{25}     Because the Legislature drafted the breaking and entering statute in the alternative, "strictly comparing the language of these two statutes does not resolve the issue," *id.*, and so we move forward to examine the charging documents. Defendant contends that the charging documents are not sufficiently specific to ascertain the State's theory of the case. And the State does not refer this Court to the jury instructions or charging documents to explain what evidence supported each conviction that did not support the other. We agree with Defendant that the charging

18

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

documents shed little light on the State's legal theory. As to breaking and entering, the State's charging documents provide that Defendant obtained entry to Ram Signs by "breaking *or* dismantling the front window, *or* by fraud *or* deception." The charging documents for Defendant's burglary charge identify the structure but do not identify the State's legal theory as to how Defendant entered the structure, do not specify whether Defendant intended to commit a felony or instead intended to commit a theft therein, and, if a felony, do not identify what felony Defendant intended to commit.

{26} Similarly, the jury instructions fail to capture the State's theory. The breaking and entering jury instructions list the relevant elements as (1) "[D]efendant entered a structure without permission" and (2) "[t]he entry was obtained by the breaking of a window." The relevant elements set out in the jury instructions on Defendant's burglary charge were (1) "[D]efendant entered a structure without authorization" and (2) "[D]efendant entered the structure with the intent to commit a theft when inside." Relevant to both charges, the instructions do not identify the State's theory as to what the structure was or how the Defendant entered without permission or authorization; as to the burglary charge specifically, the instructions do not reveal the State's theory establishing how the "intent to commit a theft" element of the

19

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

instruction was satisfied. Because the State's legal theory cannot be ascertained by the charging documents or jury instructions alone, we turn to the "testimony, opening arguments, and closing arguments to establish whether the same evidence supported" Defendant's convictions for both burglary and breaking and entering. *Porter*, 2020-NMSC-020, ¶ 19.

**b.     The same evidence supported both convictions**

{27}     Defendant maintains that the breaking and entering charge was subsumed into the burglary charge because, under the State's theory of the case, the same evidence supported both charges. In support, Defendant refers this Court to the State's closing argument, contending that the State's attorney relied upon the same evidence to satisfy the elements of both burglary and breaking and entering. By contrast, the State does not refer this Court to any portions of opening or closing arguments or other testimony in the record to explain how it did not rely on the same evidence to support both convictions. The State instead focuses on the elements of the two charges. Similarly, the Court of Appeals did not "review testimony, opening arguments, and closing arguments to establish whether the same evidence supported" both convictions, as *Porter* instructs. 2020-NMSC-020, ¶ 19. Instead, the Court of Appeals concluded that "the State's theory of the case regarding the conduct

20

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

required by the two charges was adequately distinguishable" because the charging documents and jury instructions established different elements. *Begaye*, 2022-NMCA-010, ¶¶ 14-16.

{28} In reviewing New Mexico double jeopardy jurisprudence, however, it becomes clear that the focus in ascertaining the state's theory in any particular case is not simply whether the elements differ, but whether the same evidence, that is, the same underlying conduct, is used to support both charges. *Cf. Porter*, 2020-NMSC-020, ¶ 19 (explaining that in ascertaining what the state's theory is, this Court is attempting to discern "whether the same *evidence* supported a defendant's convictions under both statutes." (emphasis added)).

{29} In *Silvas*, we examined whether the charges of (1) trafficking by possession with intent to distribute and (2) conspiracy violated the defendant's right to be free from double jeopardy. 2015-NMSC-006, ¶¶ 17-18. The *Silvas* Court first highlighted, as the State does in this case, that the two statutes "are different and in the abstract they contain different elements." *Id.* ¶ 17. The Court noted, however, that "the State appears to have directed the jury to the same act for both crimes—the sale of drugs from [the d]efendant to [the car passenger]—as the basis to convict for both crimes." *Id.* ¶ 18. The Court explained that the "theory for both crimes rested

21

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

upon [the d]efendant's unitary conduct of transferring the drugs from his hand to [the passenger's] hand and [the passenger] transferring the money to [the d]efendant," *id.* ¶ 19, and that the state's prosecution strategy revealed that "[t]he State relied on the sale of the narcotics to support its theory under both charges," *id.* ¶ 21. The Court held that "as the State presented this case to the jury, the inescapable conclusion is that [the d]efendant was convicted twice and is being punished twice for the same offense." *Id.* It was careful to clarify, however, that in most cases conspiracy would be separate from the substantive offense where there is "multilayered conduct in which evidence of the conspiracy did not rely solely on evidence of the substantive crime—a single act in time and space." *Id.* ¶ 22. Instead, *Silvas* "present[ed] the converse scenario involving a complete overlap in evidence." *Id.* ¶ 28.

{30} In *Swick* the defendant was charged with aggravated battery with a deadly weapon and attempted murder. 2012-NMSC-018, ¶ 27. This Court reviewed the evidence and highlighted the conduct that the state's theory relied on as to both charges: The defendant "beat, stabbed, and slashed the [victims]." *Id.* Looking to the state's closing argument, the *Swick* Court concluded that, because the state's theory

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

of the case was the same as to both charges, "the aggravated battery elements were subsumed within the attempted murder elements." *Id.* ¶¶ 26-27.

{31} In *State v. Serrato*, the defendant was charged with kidnapping by deception and enticement of a child. 2021-NMCA-027, ¶ 20, 493 P.3d 383, *cert. denied* (S-1-SC-38204, May 4, 2020). The Court of Appeals explained that even though the two charges, "when viewed in the abstract, might require proof of an element that the other does not," the defendant's double jeopardy rights were violated because, as applied in that case, the two offenses overlapped when the state relied upon the same conduct to support both charges. *Id.* ¶¶ 19-20. It reasoned that the offenses overlapped because "[t]he State's theory of both charges was identical: [the d]efendant coaxed [the v]ictim to follow him by deceiving her with the notion he had something to show her with the intent to commit a sexual assault." *Id.* ¶ 19.

{32} The State refers to the *Serrato* Court's analysis as "questionable" because the Court found a double jeopardy violation "notwithstanding a conclusion that each statute contained an element requiring proof of a fact that the other statute did not." Contrary to the State's assertion, *Serrato* is consistent with this Court's jurisprudence explaining that "our law does not permit an application of *Blockburger* that is so mechanical that it is enough for two statutes to have different elements."

23

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

*Torres*, 2018-NMSC-013, ¶ 25 (internal quotation marks and citation omitted). Thus, as *Torres*, *Silvas*, and *Serrato* explain, a determination that each statute contains distinct elements in the abstract does not eliminate the possibility of a double jeopardy violation under the modified approach.

{33} Turning to this case, Defendant was charged with nonresidential burglary under Section 30-16-3(B) and breaking and entering under Section 30-14-8. The jury instructions provide three elements for each charge. The elements of burglary were provided to the jury as follows:

1. [D]efendant entered a structure without authorization;
2. [D]efendant entered the structure with the intent to commit a theft when inside;
3. This happened in New Mexico on or about February 28, 2017.

The elements of breaking and entering provided to the jury were:

1. [D]efendant entered a structure without permission;
2. The entry was obtained by the breaking of a window;
3. This happened in New Mexico on or about February 28, 2017.

Reviewing the State's closing, it is clear that the State relied upon the same evidence to support both charges. In closing, the State's attorney recounted evidence presented to support each element of the burglary charge. To satisfy element one, unauthorized entry, the State told the jury:

24

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

> We know that an individual is on video smashing the glass, entering the store. There's no doubt about that. I mean, it's on tape. There's broken glass. A human being went up to that window, smashed it intentionally, [and] jumped inside. An individual entered that structure, and it was very clear from the owners that it was without authorization.

As to element two, intent to commit a theft, the State pointed to evidence that Defendant "went looking through drawers" and "pull[ed] out the cash drawer." Finally, the State explained that the incident happened on February 28, 2017.

{34}    The State relied upon the same evidence to support the breaking and entering charge. As to the first element, the State noted that Defendant "entered Ram Signs. He did not do so with permission." Under the second element, the State indicated that "Defendant entered through the breaking of the front glass and that's how he jumped inside the structure." Finally, the incident happened on February 28, 2017. Under the State's theory, for the jury to convict on the burglary charge, it necessarily had to have found that Defendant entered Ram Signs without authorization by breaking the front window, and that he entered with the intent to commit a theft on February 28, 2017. For breaking and entering, the jury had to have found that Defendant entered Ram Signs without permission by breaking the front window on February 28, 2017.

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

{35} Therefore, although burglary requires the additional element of a specific intent to commit a theft therein and although burglary can be committed without a physical breaking, under the theory of this case as argued by the State, the State used the same exact evidence to support the *unauthorized entry* element of burglary as it did to support both the *breaking of a window* and *entry without permission* elements of breaking and entering. *See, e.g.*, *State v. Luna*, 2018-NMCA-025, ¶ 17, 458 P.3d 457 (explaining that the defendant's double jeopardy rights were violated even though one of the counts required "proof of an additional element" absent in the other counts because "the jury could . . . convict [the d]efendant of [count one] based on nothing more than the same evidence used to convict [the d]efendant of" counts two and three). Thus, consistent with *Silvas*, *Swick*, *Serrato*, and *Luna*, under the State's theory, the breaking and entering elements were subsumed within the burglary elements. When this Court determines that one offense is "subsumed within the other, the inquiry is over." *Gutierrez*, 2011-NMSC-024, ¶ 56 (internal quotation marks and citation omitted); *see also Porter*, 2020-NMSC-020, ¶ 20 ("[I]f . . . one of the offenses subsumes the other offense, the double jeopardy prohibition is violated, and punishment cannot be had for both." (internal quotation marks and citation omitted)).

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## III.  CONCLUSION

{36}     Because the underlying conduct was unitary and, under the State's theory, the breaking and entering elements were subsumed within the burglary elements, Defendant's right to be free from double jeopardy was violated. When a defendant's double jeopardy rights are violated, "one of [the d]efendant's convictions must be vacated." *Porter*, 2020-NMSC-020, ¶ 42. In the present case, both offenses result in the same degree of felony. *See* § 30-16-3(B) (nonresidential burglary is a fourth degree felony); § 30-14-8(B) (breaking and entering is a fourth degree felony). When "both offenses result in the same degree of felony, the choice of which conviction to vacate lies in the sound discretion of the district court." *Porter*, 2020-NMSC-020, ¶ 42. Consistent with our approach in *Porter*, we reverse the Court of Appeals and remand to the district court to vacate one of Defendant's convictions and resentence him. *See, e.g., id.* ¶ 43.

{37}     **IT IS SO ORDERED.**

The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

_____

**JULIE J. VARGAS, Justice**

**WE CONCUR:**

_____

**C. SHANNON BACON, Chief Justice**

_____

**MICHAEL E. VIGIL, Justice**

_____

**DAVID K. THOMSON, Justice**

_____

**BRIANA H. ZAMORA, Justice**