This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39866**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ZACHARIAH REYNOSA a/k/a
ZACHARIA RUSSELL REYNOSA a/k/a
ZACHARIAH RUSSELL REYNOSA
a/k/a ZACHARIAH REYNOSO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Courtney Weaks, District Court Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Harrison, Hart & Davis, LLC
Daniel J. Gallegos
Nicholas T. Hart
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant Zachariah Reynosa was convicted of robbery, contrary to NMSA 1978, Section 30-16-2 (1973); and aggravated battery (no great bodily harm), contrary to NMSA 1978, Section 30-3-5(B) (1969). On appeal, Defendant challenges the

sufficiency of the evidence to support his robbery and aggravated battery convictions, as well as the district court's denial of his request for a jury instruction on larceny, contrary to NMSA 1978, Section 30-16-1(A) (2006). Defendant also claims that his convictions for both robbery and aggravated battery violate double jeopardy. We agree that Defendant's convictions of both robbery and aggravated battery violate double jeopardy, and vacate Defendant's conviction for aggravated battery and remand for resentencing. Otherwise, we affirm.

## BACKGROUND

**{2}** This case arose out of an incident on March 15, 2020, which took place in the men's restroom at Route 66 Casino Hotel, on the Laguna Pueblo in the State of New Mexico. Victor Reyes (Victim) testified that he was using a urinal when two unknown men approached him and demanded that he hand over his belongings. According to Victim, one man, who was never identified, threatened to kill him if he moved, holding a knife near his neck, while Defendant used his closed fists and elbow to strike Victim's face and head. Victim testified that after he handed over his car keys, wallet, and cell phone to one of the men, the man with the knife left the restroom. Defendant, however, continued to strike Victim and tried to drag him toward the toilet stalls. Victim was able to slip past Defendant, escape into the casino, and shout for security. Victim identified Defendant to the officers as the man who robbed him. Security officers restrained Defendant as he attempted to leave the casino. Victim's wallet was found in Defendant's possession.

**{3}** Kevin Lucero, a witness at trial, testified that he was in one of the toilet stalls during the incident. Lucero testified that the incident was over so quickly he was not able to exit the stall in time to see anything that happened. He did, however, hear what he described as a man asking, "What's up, man?" followed by what sounded like grunts and blows. Defendant's recorded statement to police was played for the jury at trial. We discuss that statement where necessary to our analysis.

## DISCUSSION

**{4}** Defendant makes four claims on appeal: (1) the evidence is insufficient to establish that he took Victim's wallet by force or violence, as required to convict him of robbery; (2) the evidence was insufficient to establish that Defendant applied force to Victim or that any force applied caused Victim painful temporary disfigurement, requirements of aggravated battery without great bodily harm; (3) the district court erred in refusing to instruct the jury on the lesser included offense of larceny; and (4) Defendant's convictions of both aggravated battery and robbery violate double jeopardy protections. We address the sufficiency of the evidence claims first, followed by the claim of error in the jury instructions, and finally the double jeopardy issue.

## I.  Sufficient Evidence in the Record Supports Defendant's Convictions

**{5}** As to both his convictions of robbery and aggravated battery, Defendant challenges the sufficiency of evidence to establish that he applied force or used violence against Victim, either in taking his wallet, a required element of robbery, or in causing painful temporary disfigurement, required for aggravated battery without great bodily harm. *See* UJI 14-1620 NMRA.

**{6}** "[W]e apply a substantial evidence standard to review the sufficiency of the evidence at trial." *State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891. In doing so, we determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (emphasis, internal quotation marks, and citation omitted). We "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id.* "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Garcia*, 2016-NMSC-034, ¶ 17, 384 P.3d 1076 (alteration, internal quotation marks, and citation omitted).

**{7}** Defendant contends that the jury's findings that he was not guilty of armed robbery should also exonerate him of robbery. Defendant concedes, however, that Victim testified that Defendant struck him repeatedly with his closed fists and elbow. Defendant also concedes that Victim's testimony connected his striking of Victim to the taking of Victim's wallet. Based on the Victim's testimony alone, a jury could reasonably conclude that Defendant took Victim's wallet by battering Victim with Defendant's closed fists and elbow. "Credibility is not determined by the number of witnesses. As a general rule, the testimony of a single witness is sufficient evidence for a conviction." *State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779.

**{8}** This same testimony is sufficient to establish that "[D]efendant touched or applied force to [Victim] by striking him," a required element of aggravated battery. UJI 14-321 NMRA. As to that striking having caused "painful temporary disfigurement," another requirement of Defendant's conviction of misdemeanor aggravated battery, § 30-3-5(B), the testimony of Victim that his neck hurt and he was dizzy, combined with the testimony of Laguna Pueblo Officer Thomas Kohn that he "saw a reddish mark across [Victim's] throat, just below his chin and above his collar" is sufficient to establish painful temporary disfigurement. Defendant argues that Officer Kohn's testimony about a visible mark was impeached by the officer's prior statements. Credibility, however, is determined by the jury, and the fact that there was contradictory testimony, even by the same witness, does not require the jury to find the witness not credible. *See State v. Sena*, 2008-NMSC-053, ¶ 11, 144 N.M. 821, 192 P.3d 1198 ("When parts of a witness's testimony are conflicting and ambiguous, it is the exclusive province of the jury to resolve the factual inconsistencies in that testimony." (alterations, internal quotation marks, and citation omitted)). We, therefore, conclude that both Defendant's conviction of robbery and his conviction of aggravated battery were supported by sufficient evidence.

## II.     The Trial Court Correctly Refused to Instruct the Jury on Larceny as a Lesser Included Offense

**{9}**     Defendant argues that he was entitled to a jury instruction on larceny, contrary to Section 30-16-1(A), as a lesser included offense of armed robbery[1] and robbery. In order to reverse a conviction for failure to instruct the jury on a lesser included offense, we must be satisfied that the three-pronged test outlined in *State v. Hill* is satisfied. 2001-NMCA-094, ¶ 16, 131 N.M. 195, 34 P.3d 139. Here, only the second prong, whether "there is evidence tending to establish the lesser included offense and that evidence establishes that the lesser offense is the highest degree of crime committed," is disputed by the parties. *Id.* (internal quotation marks and citation omitted). Accordingly, we limit our analysis to the second prong.

**{10}**     Defense counsel argues that a jury could have "credited [Defendant's] admission to picking up the alleged [V]ictim's wallet" from the floor of the restroom after the man with the knife left, and could have relied on that testimony to find that Defendant had not used force or violence to take the wallet. We are not persuaded. Based on our review of Defendant's interview by Laguna Pueblo police, which was played for the jury, it is evident that his use of force against Victim was integral to the taking of the wallet. This was not simply a lost wallet that ended up on the floor without the use of violence. Defendant admitted he repeatedly punched Victim, before picking up the wallet from where it had been dropped on the restroom floor. The fact that it may have been dropped on the floor during the violence does not exonerate Defendant. We, therefore, agree with the district court that no rational jury could find Defendant guilty of larceny as the highest degree of crime committed. We conclude that the district court did not err in refusing to give an instruction on larceny.

## III.     Defendant's Convictions of Both Robbery and Aggravated Battery Violate Double Jeopardy

**{11}**     Defendant contends that his convictions for robbery and aggravated battery violate double jeopardy. He claims he was punished under multiple statutes for the same underlying conduct. The State concedes Defendant's convictions constitute double jeopardy and agrees that the conviction for aggravated battery should be vacated. However, "we are not bound by the [s]tate's concession, and we independently assess [the d]efendant's" argument on appeal. *State v. Comitz*, 2019-NMSC-011, ¶ 25, 443 P.3d 1130. In this case, however, we agree with the State.

**{12}**     As relevant here, the double jeopardy clause "protects defendants from receiving multiple punishments for the same offense." *State v. Ramirez*, 2018-NMSC-003, ¶ 38, 409 P.3d 902 (internal quotation marks and citation omitted); *see* U.S. Const. amend. V; N.M. Const. art. II, § 15. Defendant raises what is known as a double description double

---

[1]Defendant was acquitted of armed robbery, so we address solely whether larceny was a lesser included offense of robbery.

jeopardy claim, "in which a single act results in multiple charges under different criminal statutes." *State v. Bernal*, 2006-NMSC-050, ¶ 7, 140 N.M. 644, 146 P.3d 289.

**{13}** In analyzing double description claims, we apply the two-part test set forth in *Swafford v. State*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223: (1) whether the conduct underlying the offenses is unitary, and (2) if so, whether the Legislature intended to punish the offenses separately. *See State v. Begaye*, 2023-NMSC-015, ¶ 13, 533 P.3d 1057. "'Only if the first part of the test is answered in the affirmative, and the second in the negative, will the double jeopardy clause prohibit multiple punishment in the same trial.'" *Id.* (quoting *Swafford*, 1991-NMSC-043, ¶ 25).

**{14}** We first conclude that the conduct in this case was unitary. *See Swafford*, 1991-NMSC-043, ¶ 25. A defendant's conduct is unitary "if the acts are not separated by sufficient indicia of distinctness." *State v. Porter*, 2020-NMSC-020, ¶ 12, 476 P.3d 1201 (internal quotation marks and citation omitted); *see State v. Sena*, 2020-NMSC-011, ¶ 46, 470 P.3d 227 ("Sufficient indicia of distinctness are present when the illegal acts are sufficiently separated by either time or space (in the sense of physical distance between the places where the acts occurred)." (alteration, internal quotation marks, and citation omitted)). In determining whether conduct is unitary, we consider "the elements of the charged offenses, the facts presented at trial, and the instructions given to the jury," *Sena*, 2020-NMSC-011, ¶ 46, and attempt to discern "an identifiable point at which one of the charged crimes ha[s] been completed and the other not yet committed." *State v. DeGraff*, 2006-NMSC-011, ¶ 27, 139 N.M. 211, 131 P.3d 61.

**{15}** In this case, the State sought conviction of both aggravated battery and robbery based on Defendant's conduct in striking Victim with his fists and elbow in the restroom. The very same strikes against Victim were relied on by the State in describing to the jury the conduct that satisfied the force element for conviction of robbery and for conviction of aggravated battery. The entire incident took only seconds. The facts relied on by the State in its argument to the jury and the jury instructions do not identify a point where one crime was completed and the other not yet begun. We therefore conclude that Defendant's use of force against Victim was unitary. "When the underlying conduct for multiple convictions is unitary, we next consider legislative intent." *Begaye*, 2023-NMSC-015, ¶ 20.

**{16}** The question posed by the second part of the test is, "whether the Legislature intended to permit multiple punishments" for the unitary conduct in separate statutes. *Id.* ¶ 21 (internal quotation marks and citation omitted). In answering this question, when the statutes in question do not "clearly prescribe multiple punishments," we must first decide whether we apply the strict elements approach adopted in *Blockburger v. United States*, 284 U.S. 299 (1932), or instead look to how the elements were actually presented by the State at trial, known as a modified *Blockburger* approach. *See Begaye*, 2023-NMSC-015, ¶¶ 23-24; *see also State v. Serrato*, 2021-NMCA-027, ¶ 16, 493 P.3d 383 (comparing the elements not "in the abstract" but in the context of "the legal theory of the offense that is charged" (internal quotation marks and citation omitted)), *cited with approval in Begaye*, 2023-NMSC-015, ¶¶ 31-32, 35. Because our

robbery statute, § 30-16-2, provides alternative methods by which the statute can be violated (threats of violence versus the use of force or violence), we apply the modified *Blockburger* approach.

**{17}**   In this case, the State established aggravated battery by showing the application of force to Victim by Defendant, and then claimed that the use of that same force to take Victim's wallet amounted to robbery as well. Battery as argued by the State entirely overlaps with the crime of robbery: robbery was simply aggravated battery with the added element of theft. *See Begaye*, 2023-NMSC-015, ¶ 29 (holding that two offenses completely overlap and violate double jeopardy when the state "direct[s] the jury to the same act . . . as the basis to convict for both crimes" (internal quotation marks and citation omitted)).We note that the requirement of a disfiguring injury to Victim, found in Section 30-3-5(B), merely determines the grade of crime committed, not whether the crime was committed, and should not factor into the double jeopardy analysis. *See State v. Lee*, 2009-NMCA-075, ¶ 15, 146 N.M. 605, 213 P.3d 509.

**{18}**   We hold, therefore, that Defendant's convictions for both aggravated battery and robbery violate double jeopardy.

## CONCLUSION

**{19}**   Accordingly, we vacate Defendant's conviction for aggravated battery and remand for resentencing. Otherwise, we affirm.

**{20}   IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**MICHAEL D. BUSTAMANTE, Judge,
retired, sitting by designation**